# EXHIBIT 5

1    Thomas A. Burnett, Esq. (#026509)
2    Donal E. Burnett, Esq. (#028800)
   **Burnett Law Office, PLC**
3    1744 South Val Vista Drive, Suite 208
   Mesa, AZ 85204
4    (480) 347-9116
5    tom.burnett@burnettlawaz.com
   don.burnett@burnettlawaz.com
6    Attorneys for Plaintiff





COPY

FEB 0 4 2020

CLERK OF THE SUPERIOR COURT
M. MESSMER
DEPUTY CLERK

7

8 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9 **IN AND FOR THE COUNTY OF MARICOPA**

10    LEI ANN STICKNEY, on her own behalf
   and on behalf of all statutory beneficiaries;

**ACTION NO:** CV2020-091655

11                    Plaintiff,

12    v.

**CERTIFICATE REGARDING COMPULSORY ARBITRATION**

13    CITY OF PHOENIX, a municipality;
14    JOHN and JANE DOE I-X; and ABC
   COMPANIES I-X;
15

16                    Defendants.

17

18        The undersigned certifies that the largest award sought by the complainants,

19 including punitive damages, but excluding interest, attorneys' fees and costs, **does exceed**

20 limits set by *Local Rule for Compulsory Arbitration*. This case **is not** subject to the

21 *Uniform Rules of Procedure for Arbitration.*

22

23                 DATED this 4th day of February, 2020.

24                   **Burnett Law Office, PLC**

25

26          By

27                Thomas A. Burnett, Esq.
               Donal E. Burnett, Esq.
28                Attorneys for Plaintiff

Thomas A. Burnett, Esq. (#026509)
Donal E. Burnett, Esq. (#028800)
**Burnett Law Office, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, AZ 85204
(480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
Attorneys for Plaintiff

**COPY**

FEB 0 4 2020

CLERK OF THE SUPERIOR COURT
M. MESSMER
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LEI ANN STICKNEY, on her own behalf and on behalf of all statutory beneficiaries; | ACTION NO: CV2020-091655 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| CITY OF PHOENIX, a municipality; JOHN and JANE DOE I-X; and ABC COMPANIES I-X; | **(Tort, Wrongful Death)** |
| | **(Jury Trial Demanded)** |
| Defendants. | |

Plaintiff, Lei Ann Stickney, by and through undersigned counsel, for her complaint against the defendants named herein alleges as follows:

1.     Plaintiff, Lei Ann Stickney, is an adult female presently residing in the State of Arizona. Plaintiff is the surviving mother of Casey Wells, and brings this action on her own behalf and as statutory trustee for all statutory beneficiaries pursuant to A.R.S. § 12-611 et seq..

2.     Defendant City of Phoenix is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.

3.     The amount in controversy exceeds the jurisdictional limitations of this Court.

4. As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim pursuant to A.R.S. § 12-821.01 upon Defendant City of Phoenix. The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of statute.

5. The events that form the basis of this Complaint occurred on or about February 4 through February 6, 2019, in Maricopa County.

6. Venue is proper in the Superior Court in and for Maricopa County.

7. Pursuant to Rule 26.2(c)(3)(A), Arizona Rules of Civil Procedure, this case is properly assigned to Tier 3.

8. On February 4, 2019, City of Phoenix police officers responded to calls reporting a naked man in the street.

9. The man was Plaintiff, Casey Wells, who was naked and praying, or performing yoga, in the street.

10. When police officers respond to a non-violent call, involving a citizen who is either mentally ill or intoxicated because of drug use, the officer(s) should take steps to keep the situation calm.

11. Where violence or destructive acts have not occurred, the officer(s) should avoid physical confrontation and should take the time to calm a citizen and assess the situation.

12. If it becomes necessary to restrain the citizen, an electronic control device, such as a taser, should not be used against citizens that are handcuffed/restrained.

13. City of Phoenix police officer, James Arnold, arrived first on scene.

14. Approximately two minutes later, Officer Robert Rodarme arrived on scene.

15. Within forty-four seconds after Officer Rodarme arrived, he requested another unit.

16. Officers Arnold and Rodarme initiated a physical confrontation Plaintiff, Casey Wells.

17. Plaintiff, Casey Wells, was not armed.

18. He was in the street, naked, with no access to weapons.

19. Casey posed no threat of harm to himself or those around him.

-2-

20. Officer Arnold knew Casey Wells was not armed.

21. Officer Rodarme knew Casey Wells was not armed.

22. Officer Arnold knew that Casey Wells was suffering from a mental psychosis, a drug induced delusion, or both.

23. Officer Rodarme knew that Casey Wells was suffering from a mental psychosis, a drug induced delusion, or both.

24. Officer Arnold knew Casey Wells posed no threat of harm to himself or those around him.

25. Officer Rodarme knew Casey Wells posed no threat of harm to himself or those around him.

26. Notwithstanding, rather than take reasonable efforts to keep the situation calm, within minutes of approaching Casey Wells, Officers Arnold and Rodarme attempted to physically apprehend Casey.

27. Casey Wells responded by spinning in circles and flailing his arms.

28. Officers Arnold and Rodarme continued to escalate the situation by initiating excessive levels of force against Casey.

29. A third police officer arrived on scene, Officer Seaquist.

30. Either shortly before Officer Seaquist arrived, or shortly after Officer Seaquist arrived, the officers secured Casey Wells with handcuffs behind his back, lying on his stomach, naked, on the asphalt.

31. Three more officers arrive on scene.

32. All officers on scene participated in the assault on Casey Wells.

33. No officers on scene intervened to stop the assault on Casey Wells.

34. All officers on scene knew Casey Wells was not armed.

35. All officers on scene knew that Casey Wells was suffering from a mental psychosis, a drug induced delusion, or both.

36. All officers on scene knew Casey Wells posed no threat of harm to himself or those around him.

37. All officers on scene continued to escalate the situation by initiating excessive levels of force against Casey.

-3-

38. Officer Seaquist shoots Casey Wells with his taser gun.

39. Officer Seaquist shot Casey Wells with his taser gun five times over a time frame of one minute and thirty-five seconds.

40. One of the officers announces that Casey is purple with no pulse.

41. At some time during the assault on Casey, one or more of the officers use such force on Casey Wells' throat that they fracture the thyroid cartilage horns in Casey's neck.

42. Roughly twelve minutes from the time the first officer arrived on scene Casey Wells is purple with no pulse.

43. It took one or more of the officers roughly twelve minutes to kill a naked, unarmed, nonviolent man, in the middle of the street.

44. Paramedics arrive and administer epinephrine and a pulse is recovered.

45. Casey is taken to John C. Lincoln Deer Valley Hospital where he is diagnosed with cardiopulmonary arrest, pulseless electrical activity, encephalopathy acute, systemic inflammatory response syndrome, acidosis, lactic acid increase, hypernatremia, and coagulopathy. An EEG shows "severe, global cerebral dysfunction", with generalized epileptiform activity and multiple generalized electrographic seizures. A CT scan of his brain tells us "findings most compatible with severe hypoxic ischemic brain injury involving gray matter structures with effacement of basilar cisterns and slightly downward displacement and swelling of cerebellar tonsils". Casey is brain dead.

46. Two days later, on February 6, 2019, the hospital staff order a palliative care consult. Casey's mother, Lei Ann Stickney has been by his side, now she must call loved ones and ask them to come give Casey their last goodbyes. On February 6, 2019 at 17:46 hours, Casey Wells is pronounced dead.

47. Defendant City of Phoenix is responsible for training and supervising Phoenix Police Officers regarding the reasonable use of force.

48. Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the reasonable use of force.

49. The City of Phoenix has a policy, custom, or practice of training officers to "escalate" situations. That is, to use more force than is reasonably necessary or appropriate to respond to situations.

50. The City of Phoenix knows that its policy, custom, or practice of training officers to "escalate" situations results in unreasonable uses of force.

51. The City of Phoenix's policy, custom, or practice of training officers to "escalate" situations increases the incidence of uses of unreasonable force.

52. The City of Phoenix has a policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force.

53. The purpose of the City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force is to prevent the public and the victims of police excessive force from learning about the real facts involved in the uses of force.

54. The purpose of the City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force is to prevent victims of police excessive force from bringing lawsuits against the City of Phoenix and its employees related to police officer use of excessive force.

55. The City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force encourages the City of Phoenix's officers to use excessive force when it is not reasonable.

56. The City of Phoenix has a policy, custom, or practice of "purging" officer discipline records.

57. The purpose of the City of Phoenix's policy, custom, or practice of "purging" officer discipline records is to prevent the public and the victims of police excessive force from learning about the historical uses of unreasonable force, and other infractions, of the police officers involved in an incident of unreasonable force.

58. The purpose of the City of Phoenix's policy, custom, or practice of "purging" officer discipline records is to prevent victims of police excessive force from bringing lawsuits against the City of Phoenix and its employees related to police officer use of excessive force.

59. The City of Phoenix's policy, custom, or practice of "purging" officer discipline records encourages the City of Phoenix's officers to use excessive force when it is not reasonable.

60. Defendant City of Phoenix is responsible for training and supervising Phoenix Police Officers regarding interaction with a non-violent citizen who is either mentally ill or intoxicated because of drug use.

61. Defendant City of Phoenix has failed to properly train and supervise its police officers regarding Police officer interaction with a non-violent citizen who is either mentally ill or intoxicated because of drug use.

## COUNT ONE

### Assault and Battery

62. The foregoing paragraphs are incorporated as if fully set forth herein.

63. At all relevant times, the City of Phoenix police officers were acting in the course and scope of their employment for Defendant City of Phoenix.

64. The City of Phoenix police officers assaulted and battered Casey Wells.

65. The City of Phoenix police officers caused harmful or offensive contact to Casey by using excessive force which killed him.

66. The assault and battery was not justified.

67. The City of Phoenix ratified the assault and battery by the police officers.

68. The assault and battery was not justified and led to Casey's death.

69. Plaintiff is entitled to damages.

## COUNT TWO

### Negligence/Gross Negligence

70. The foregoing paragraphs are incorporated as if fully set forth herein.

71. Defendant City of Phoenix owes a duty of care to members of the public with whom they come into contact and/or investigate, including Casey Wells.

-6-

72. Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers with respect to the reasonable use of force in situations such as these.

73. Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers with respect to de-escalation techniques.

74. Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers regarding interaction with non-violent citizens in a mentally ill state or intoxicated because of drug use.

75. As a result of these breaches, Defendant City of Phoenix caused Casey's death.

76. Defendant City of Phoenix and its officers and employees that participated in the incident with Casey Wells acted in concert with each other or pursuant to a common design.

77. Defendant City of Phoenix and its officers and employees that participated in the incident with Casey Wells failed to use reasonable care and recklessly disregarded obvious risks of harm to Casey Wells.

78. Defendant City of Phoenix and its officers and employees caused the death of Casey Wells by their failures to use reasonable care and by their reckless disregard for the obvious risks of harm to Casey Wells.

79. Defendant City of Phoenix is vicariously liable for the conduct of its employees for causing Casey's death.

80. As a direct result of Defendant City of Phoenix's negligent, grossly negligent, deliberately indifferent, willful, wanton, and/or reckless conduct, Casey was killed, and Plaintiff and all statutory beneficiaries of Casey sustained damages, including pain and suffering, grief, emotional distress, loss of support, loss of love and affection, and loss of enjoyment of life.

## COUNT THREE
### Wrongful Death

81. The foregoing paragraphs are incorporated as if fully set forth herein.

82. The City of Phoenix police officers had a duty to use only necessary and reasonable force. _

83. The officers breached their duties, despite knowing or having reason to know that Casey was or would be inappropriately subjected to an unreasonable risk of serious harm, injury, and death as a result of their actions and/or inactions, as identified by the allegations set forth in the paragraphs above.

84. The officers' breaches of their duties caused and/or contributed to cause Casey's wrongful death.

85. The officers were, at all times material hereto, acting within the course and scope of their employment with City of Phoenix and City of Phoenix is vicariously liable for their actions.

86. As a result of the officers' actions and inactions, Casey's survivors have been deprived of the continued companionship and society of their son and husband, and have suffered and will continue to suffer in the future a loss of love, affection, companionship, care, protection, guidance, as well as pain, grief, sorrow, anguish, stress, shock, and mental suffering, and have suffered damages in an amount to be proven at trial.

### COUNT FOUR
#### Vicarious Liability

87. The foregoing paragraphs are incorporated as if fully set forth herein.

88. Pursuant to the theory of *respondeat superior*, Defendant City of Phoenix is responsible for the conduct of its officers and employees and is liable to Plaintiff for the damages resulting from their conduct.

89. Defendant City of Phoenix is responsible for the training and supervision of its officers and employees and is liable for the acceptance and ratification of the conduct of its officers, as complained of herein, as being consistent with their customs, practices, and policies.

90. Plaintiff is therefore entitled to recover damages from Defendant City of Phoenix for all claims arising from the actions, or inactions, of its officers resulting in the death of Casey Wells.

1 //
2 //
3 //

4 **WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

A. For general damages, including but not limited to the loss of love, affection, companionship, and guidance resulting from the death of Casey Wells, pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future;

B. Punitive damages in an amount deemed just and reasonable;

C. For pre- and post-judgment interest to the extent permitted by law;

D. For attorneys' fees and taxable costs to the extent permitted by law; and

E. Such other relief as the Court deems just and proper.

DATED this 4th day of February, 2020.

**Burnett Law Office, PLC**

By _____
Thomas A. Burnett, Esq.
Donal E. Burnett, Esq.
Attorneys for Plaintiff

Thomas A. Burnett, Esq. (#026509)
Donal E. Burnett, Esq. (#028800)
**Burnett Law Office, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, AZ 85204
(480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
Attorneys for Plaintiff

ORIGINAL

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| LEI ANN STICKNEY, on her own behalf and on behalf of all statutory beneficiaries; | **ACTION NO:** CV2020-091655 |
| Plaintiff, | **SUMMONS** |
| v. | |
| CITY OF PHOENIX, a municipality; JOHN and JANE DOE I-X; and ABC COMPANIES I-X; | If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

**THE STATE OF ARIZONA TO DEFENDANTS:**

**City of Phoenix**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within

the time applicable, in this action in this Court. If served within Arizona, you shall appear

and defend within 20 days after the service of the Summons and Complaint upon you,

exclusive of the day of service. If served out of the State of Arizona – whether by direct

service, by registered or certified mail, or by publication – you shall appear and defend

within 30 days after the service of the Summons and Complaint upon you is complete,

exclusive of the day of service. Where process is served upon the Arizona Director of

Insurance as an insurer's attorney to receive service of legal process against it in this state,

the insurer shall not be required to appear, answer or plead until expiration of 40 days after the date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of the date of first publication. Direct service is complete when made. RCP 4, A.R.S. 25-311 to 25-381.22. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt of Officer's Return. RCP 4; A.R.S. 20-222, 28-502, 28-503.

**YOU ARE HEREBY NOTIFIED**, that in case of failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file a proper answer to the Complaint in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required. You are required to serve a copy of the Answer upon the Plaintiffs' attorney. RCP 10, A.R.S. 12-311, RCP 5.

A copy of the Summons and Complaint can be obtained by contacting the Plaintiff's attorney. The name and contact information for the Plaintiff's attorney is:

> Thomas A. Burnett
> 1744 South Val Vista Drive, Suite 208
> Mesa, AZ. 85204
> (480)347-9116

Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date:  _____FEB 0 4 2020_____

JEFF FINE, CLERK

Clerk _____

BY _____
Deputy Clerk

M. Messmer
Deputy Clerk

-3-

Burnett Law Office
1744 S Val Vista Dr #208
Mesa AZ 85204

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2020 APR 24 PM 2: 34

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

ORIGINAL

| | | |
|---|---|---|
| LEI A STICKNEY, | ) | NO. CV2020-091655 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE BY |
| | ) | A PRIVATE PROCESS SERVER |
| CITY OF PHOENIX, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |

Preston Lamb, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS; COMPLAINT; CERTIFICATE OF ARBITRATION

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time and place shown below.

Service was made upon City of Phoenix/ City Clerk, by leaving documents with Soila Garcia, who was authorized to accept, at 200 W Washington, 15th fl., Phoenix AZ, on April 24, 2020 at 10:24am.

DATED: 4-24-20

PRESTON LAMB

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

Charge: $ 60.00

DIRECT ACCESS LEGAL SERVICES
550 W BASELINE RD., SUITE 5-151
MESA, AZ 85210/(480) 641-2433

1  Joel B. Robbins, Esq. (011065)
   Jesse M. Showalter, Esq. (026628)
2  **ROBBINS & CURTIN, p.l.l.c.**
3  301 East Bethany Home Road, Suite B-100
   Phoenix, Arizona 85012
4  Tel: (602) 285-0100
5  Fax: (602) 265-0267
   joel@robbinsandcurtin.com
6  jesse@robbinsandcurtin.com
7  *Attorneys for Plaintiff*

8  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9  **IN AND FOR THE COUNTY OF MARICOPA**

10  **LEI ANN STICKNEY**, on her own behalf          No. CV2020-091655
    and on behalf of all statutory beneficiaries,
11
12          Plaintiff,                                **NOTICE OF ASSOCIATION OF**
                                                       **CO-COUNSEL FOR PLAINTIFF**
13  vs.

14  **CITY OF PHOENIX**, a municipality, *et*
15  *al.*,                                            (Assigned to the
                                                      Honorable David Palmer)
16          Defendants.

17          NOTICE IS HEREBY GIVEN that Joel B. Robbins and Jesse M. Showalter of the

18  law firm of Robbins & Curtin, p.l.l.c. hereby associate with Burnett Law Office, PLC as

19  counsel for Plaintiff.

20          Service of all correspondence, motions, and other papers should be directed to:

21
22                              Joel B. Robbins
                                Jesse M. Showalter
23                          **Robbins & Curtin, p.l.l.c.**
                          301 E. Bethany Home Road, Suite B-100
24                            Phoenix, Arizona 85012
25                              Tel: 602-285-0100
                                Fax: 602-265-0267
26                          joel@robbinsandcurtin.com
                            jesse@robbinsandcurtin.com
27
28  ///

Page 1 of 2

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

RESPECTFULLY SUBMITTED: May 22, 2020

**ROBBINS & CURTIN, p.l.l.c.**

By: /s/ Joel B. Robbins & Jesse M. Showalter
Joel B. Robbins
Jesse M. Showalter
301 E. Bethany Home Road
Suite B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, on her own behalf and on behalf of all statutory beneficiaries of **CASEY WELLS**;<br><br>        Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, a municipality;<br><br>        Defendant. | No. CV2020-091655<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(Assigned to the Honorable David Palmer) |

Plaintiff, Lei Ann Stickney, on her own behalf and on behalf of the statutory beneficiaries of Casey Wells, for her First Amended Complaint ("FAC") against the Defendant named herein alleges as follows:

## **PARTIES**

1.     Plaintiff, Lei Ann Stickney, is an adult female presently residing in the State of Arizona.

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

2.     Plaintiff is the surviving mother of Casey Wells, and brings this action on her own behalf and as statutory trustee for all statutory beneficiaries pursuant to A.R.S. § 12-611, *et seq.*

3.     Defendant City of Phoenix is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona.

4.     Joseph Seaquist is an individual and a citizen of Arizona.

5.     At all times alleged in the FAC, Joseph Seaquist was a Police Officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law.

6.     Travis Funston is an individual and a citizen of Arizona.

7.     At all times alleged in the FAC, Travis Funston was a Police Officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law.

8.     James Arnold is an individual and a citizen of Arizona.

9.     At all times alleged in the FAC, James Arnold was a Police Officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law.

10.     Robert Rodarme is an individual and a citizen of Arizona.

11.     At all times alleged in the FAC, Robert Rodarme was a Police Officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law.

12.     Frank Long is an individual and a citizen of Arizona.

13.     At all times alleged in the FAC, Frank Long was a Police Officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law.

14.     Ken Palmer is an individual and a citizen of Arizona.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

15.     At all times alleged in the FAC, Ken Palmer was a Police Officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law.

16.     In this Complaint, Seaquist, Funston, Arnold, Rodarme, Long, and Palmer are referred to collectively as "the Officers."

## JURISDICTION AND VENUE

17.     The amount in controversy exceeds the jurisdictional limitations of this Court.

18.     As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim pursuant to A.R.S. § 12-821.01 upon Defendant City of Phoenix.  The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of statute.

19.     The events that form the basis of this FAC occurred on or about February 4, 2019, in Maricopa County.

20.     Venue is proper in the Superior Court in and for Maricopa County.

## FACTUAL ALLEGATIONS

21.     On February 4, 2019, City of Phoenix police officers responded to calls reporting a naked man in the street on a residential street in Phoenix, Arizona.

22.     The man was Plaintiff's son, Casey Wells.

23.     Casey was naked and praying, or performing yoga, in the street.

24.     Casey was unarmed.

25.     Casey was obviously mentally disturbed whether because of mental illness or intoxication.

26.     There was no report that Casey was violent or dangerous, he was simply a mentally disturbed man standing naked in the street.

27.     When police officers respond to a non-violent call involving a citizen who is either mentally ill or intoxicated because of drug use, the officer(s) should take steps to keep the situation calm.

**Robbins & Curtin, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

28. Where violence or destructive acts have not occurred, the officer(s) should avoid physical confrontation and should take the time to calm a citizen and assess the situation.

29. If it becomes necessary to restrain the citizen, an electronic control device, such as a taser, should not be used against citizens that are handcuffed/restrained.

30. City of Phoenix police officer Arnold arrived first on scene.

31. Approximately two minutes and four seconds later, Phoenix police officer Rodarme arrived on scene.

32. Within forty-four seconds of Officer Rodarme's arrival, he requested another unit.

33. Officers Arnold and Rodarme initiated a physical confrontation with Casey.

34. The Officers knew that Casey was not armed and that he had no access to weapons of any kind.

35. Casey posed no threat of harm to himself or those around him.

36. The Officers knew that Casey Wells was suffering from a mental psychosis, a drug induced delusion, or both.

37. Rather than take reasonable efforts to keep the situation calm, within minutes of approaching Casey Wells, Officers Arnold and Rodarme attempted to use physical force to arrest Casey.

38. Casey responded by spinning in circles and flailing his arms.

39. Officers Arnold and Rodarme continued to escalate the situation by using more and more force in an attempt to arrest Casey, who they knew was mentally disturbed and who they did not suspect had committed any sort of violent or dangerous crime.

40. Officer Seaquist then arrived on scene.

41. At some point shortly before Officer Seaquist arrived, or shortly after Officer Seaquist arrived, the Officers secured Casey Wells with handcuffs behind his back, lying on his stomach, naked, and on the asphalt.

42. Officers Funston and Long then arrived on scene.

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

43.     Officer Palmer arrived at the scene and exited his vehicle at approximately 2:30 p.m.

44.     Officer Palmer was wearing a city-issued Axon body camera.

45.     At the time of Officer Palmers arrival, the Axon body camera shows that Casey had been subdued and handcuffed and was being held down on his stomach by between six or seven police officers.

46.     The Axon body camera shows that one of the Officers is using his knee and body weight to apply pressure to Casey's upper back and neck, while Casey's hands are cuffed behind his back and his chest and stomach are flat on the ground.

47.     The City of Phoenix and the Officers knew, or should have known, that applying force and weight to Casey's upper back while he was cuffed and faced down created an obvious risk of positional asphyxia, hypoxic injuries, and cardiac arrest.

48.     The Axon body camera shows Officer Seaquist tasing Casey while Casey is not moving and while force is being applied to Casey's back.

49.     The City of Phoenix and the Officers knew, or should have known, that tasing excited mentally disturbed subjects creates a risk of death.

50.     The City of Phoenix and the Officers knew, or should have known, that repeatedly tasing any individual, creates a risk of death.

51.     Officer Seaquist repeatedly and intentionally tased Casey while Casey was restrained, handcuffed, unarmed, and defenseless.

52.     Officer Seaquist tased Casey a total of five times in a timeframe of one minute and thirty-five seconds.

53.     One of the officers announced that Casey was purple with no pulse.

54.     The Officers used such force on Casey that they crushed all four thyroid cartilage horns in Casey's neck.

55.     Roughly twelve minutes from Officer Arnold's arrival on scene, Casey Wells is purple with no pulse.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

56. The Officers assaulted, battered, and killed Casey after he had already been handcuffed and subdued.

57. When paramedics arrived at the scene, they were able to administer epinephrine and Casey's pulse was recovered.

58. Casey was transported to John C. Lincoln Deer Valley Hospital where he was diagnosed with cardiopulmonary arrest, pulseless electrical activity, encephalopathy acute, systemic inflammatory response syndrome, acidosis, lactic acid increase, hypernatremia, and coagulopathy.

59. An EEG of Casey showed "severe, global cerebral dysfunction", with generalized epileptiform activity and multiple generalized electrographic seizures. A CT scan of his brain found "findings most compatible with severe hypoxic ischemic brain injury involving gray matter structures with effacement of basilar cisterns and slightly downward displacement and swelling of cerebellar tonsils".

60. As a result of the City of Phoenix and the Officers' actions, Casey was brain dead.

61. Two days later, on February 6, 2019, the hospital staff ordered a palliative care consult.

62. Casey's mother, Lei Ann Stickney, sat by Casey's side. She contacted loved ones and asked them to come give Casey their last goodbyes. On February 6, 2019, at 17:46 hours, Casey Wells was pronounced dead.

63. Defendant City of Phoenix is responsible for training and supervising Phoenix Police Officers regarding the reasonable use of force.

64. Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the reasonable use of force.

65. The City of Phoenix has a policy, custom, or practice of training officers to "escalate" situations. That is, to use more force than is reasonably necessary or appropriate to respond to situations.

66.    The City of Phoenix knows that its policy, custom, or practice of training officers to "escalate" situations results in unreasonable uses of force.

67.    The City of Phoenix's policy, custom, or practice of training officers to "escalate" situations increases the incidence of uses of unreasonable force.

68.    The City of Phoenix has a policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force.

69.    The purpose of the City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force is to prevent the public and the victims of police violence from learning about the real facts involved in the uses of force.

70.    The purpose of the City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police violence is to prevent victims of police violence from bringing lawsuits against the City of Phoenix and its employees related to police officer use of excessive force.

71.    The City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police violence creates a culture of impunity and encourages the City of Phoenix's officers to use excessive, unnecessary and unreasonable force..

72.    The City of Phoenix has a policy, custom, or practice of "purging" officer discipline records.

73.    The purpose of the City of Phoenix's policy, custom, or practice of "purging" officer discipline records is to prevent the public and the victims of police violence from learning about the historical uses of unreasonable force, and other infractions, of the police officers involved in an incident of unreasonable force.

74.    The purpose of the City of Phoenix's policy, custom, or practice of "purging" officer discipline records is to prevent victims of police excessive force from bringing lawsuits against the City of Phoenix and its employees related to police officer use of excessive force.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

75.     The City of Phoenix's policy, custom, or practice of "purging" office discipline records has created a culture of impunity that encourages the City of Phoenix's officers to use excessive force when it is not reasonable.

76.     Defendant City of Phoenix is responsible for training and supervising Phoenix Police Officers regarding interaction with a non-violent citizen who is either mentally ill or intoxicated because of drug use.

77.     Defendant City of Phoenix has failed to properly train and supervise its police officers regarding police officer interaction with the mentally disturbed, whether such individuals are suffering from mental illness or intoxication.

78.     Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the use of tasers, including the dangers of repeated uses of tasers, the dangers of using tasers on the mentally disturbed, and the fact that tasers should not be used on handcuffed and restrained individuals.

79.     Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the dangers of positional asphyxia.

## COUNT ONE - WRONGFUL DEATH
### (City of Phoenix)

80.     The foregoing paragraphs are incorporated as if fully set forth herein.

81.     At all relevant times, the Officers were acting in the course and scope of their employment for Defendant City of Phoenix.

82.     The City of Phoenix is vicariously liable for the acts of the Officers.

83.     The Officers assaulted and battered Casey Wells.

84.     The Officers caused harmful or offensive contact to Casey by using excessive force which killed him.

85.     The assault and battery was not justified.

86.     The City of Phoenix ratified the assault and battery of the Officers.

87.     The assault and battery was not justified and caused Casey's death and damaged Plaintiff.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

88. Defendant City of Phoenix owes a duty of care to members of the public with whom they come into contact and/or investigate, including Casey Wells.

89. Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers with respect to the reasonable use of force in situations such as these.

90. Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers with respect to de-escalation techniques.

91. Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers regarding interaction with non-violent citizens in a mentally disturbed state.

92. Defendant City of Phoenix breached its duty by failing to adequately train and supervise its officers regarding the use of tasers, including the dangers of using tasers on the mentally disturbed and the dangers of repeated taser use.

93. Defendant City of Phoenix breached its duty by failing to adequately train and supervise its officers regarding positional asphyxia.

94. As a result of these breaches, Defendant City of Phoenix caused Casey's death.

95. Defendant City of Phoenix and its officers and employees that participated in the incident with Casey Wells acted in concert with each other or pursuant to a common design.

96. Defendant City of Phoenix and its officers and employees that participated in the incident with Casey Wells failed to use reasonable care and recklessly disregarded obvious risks of harm to Casey Wells.

97. Defendant City of Phoenix and its officers and employees caused the death of Casey Wells by their failures to use reasonable care and by their recklessly disregard for the obvious risks of harm to Casey Wells.

98. Defendant City of Phoenix is vicariously liable for the conduct of its employees for causing the Casey's death.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

99.     As a direct result of Defendant City of Phoenix's intentional, negligent, grossly negligent, deliberately indifferent, willful, wanton, and/or reckless conduct, Casey was killed, and Plaintiff and all statutory beneficiaries of Casey sustained damages, including pain and suffering, grief, emotional distress, loss of support, loss of love and affection, and loss of enjoyment of life.

## **RULE 26.2(c)(3)(A)**

Pursuant to Rule 26.2(c)(3)(A), Arizona Rules of Civil Procedure, this case is properly assigned to Tier 3.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      For general damages, including but not limited to the loss of love, affection, companionship, and guidance resulting from the death of Casey Wells, pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future, and economic losses and loss of income, hedonic damages, and Casey Wells' pre-death pain and suffering;

B.      For special damages, including but not limited to the expenses of medical treatment, burial, and funeral;

C.      For pre- and post-judgment interest to the extent permitted by law;

D.      For attorneys' fees and taxable costs to the extent permitted by law; and

E.      Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: May 22, 2020

**Burnett Law Office, PLC**

By:     /s/ Thomas A. Burnett
        Thomas A. Burnett
        Donal A. Burnett
        1744 S. Val Vista Drive, Suite 208
        Mesa, Arizona 85204

///

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

ROBBINS & CURTIN, p.l.l.c.

By:      /s/ Jesse M. Showalter
         Joel B. Robbins
         Jesse M. Showalter
         301 E. Bethany Home Road
         Suite B-100
         Phoenix, Arizona 85012
         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

1   Kathleen L. Wieneke, Bar #011139
    Christina Retts, Bar #023798
2   WIENEKE LAW GROUP, PLC
    1095 West Rio Salado Parkway, Suite 209
3   Tempe, Arizona 85281
    Telephone: (602) 715-1868
4   Fax: (602) 455-1109
    Email: kwieneke@wienekelawgroup.com
5   Email: cretts@wienekelawgroup.com

6   *Attorneys for Defendant City of Phoenix*

7              **SUPERIOR COURT OF THE STATE OF ARIZONA**

8                      **COUNTY OF MARICOPA**

9   LEI ANN STICKNEY, on her own behalf and      No. CV2020-091655
10  on behalf of all statutory beneficiaries;
                                                 **DEFENDANT'S MOTION TO
11              Plaintiff,                       DISMISS**

12          v.                                   *Oral Argument Requested*

13  CITY OF PHOENIX, a municipality; JOHN        (Assigned to the Honorable
    and JANE DOE I-X; and ABC COMPANIES          David Palmer)
14  I-X;

15              Defendants.
16
            Pursuant to Ariz.R.Civ.Pro. 12(b)(6), Defendant City of Phoenix moves to dismiss
17
    Plaintiff's *respondeat* superior wrongful death assault and battery claim. *Ryan v. Napier*,
18
    245 Ariz. 54 (2018) and A.R.S. § 12-820.05 foreclose this claim.[1] Ryan also forecloses any
19
    training and supervision claims that relate to the officers' decision(s) to use alleged
20
    excessive force that Plaintiff contends constituted an assault.
21
                   **MEMORANDUM OF POINTS AND AUTHORITIES**
22
    **I.    BACKGROUND.**
23
            This lawsuit arises out of an interaction between Phoenix Police Officers and
24
    suspect, Casey Wells, whose conduct of stripping down naked and performing "yoga," in a
25

26          [1] For the purposes of a Motion to Dismiss, the Court must accept as true well-pleaded
    factual allegations. Plaintiff has specifically alleged assault and battery. For the purposes of
27  this Motion only, the Court should accept this as true. In bringing this Motion, Defendant
    does not concede and specifically disputes that any of the officers' conduct was assaultive
28  or without justification.

residential neighborhood close to the time that children would be returning home to school, generated multiple 911 calls. *See* Plaintiff's Amended Complaint, ¶¶ 21-23. Plaintiff contends that the officers should have known that Wells was either intoxicated or mentally ill.[2] *Id*. at ¶25. Plaintiff asserts that the officers used excessive force, in the form of a physical struggle and Taser applications against Wells. *Id*. at ¶ 37, 46, 49, and 51. Plaintiff has several theories of wrongful death liability in her Amended Complaint. First, Plaintiff contends that the individual officers, who are not named in this Amended Complaint, "assaulted, battered, and killed Casey after he had already been handcuffed and subdued." *Id*. at ¶56. She asserts that the City of Phoenix is vicariously liable for this conduct. *Id*. at ¶ 98. Second, Plaintiff claims that the City is directly liable for negligent training and supervision.[3] *Id*. at ¶

Plaintiff Stickney served a Notice of Claim on the City on August 2, 2019.[4] *See* Ex. 1. She did not serve any of the individual officers with the Notice of Claim. As a result,

---

[2] Plaintiff, however, knows that the decedent was under the influence of methamphetamine, as reported in toxicology reports. Witnesses reported that the decedent long struggled with drug abuse. *See Fernandez v. Cooper City*, 207 F.Supp.2d 1371, 1379-80 (S.D.Fl. 2002) ("The prone restraint, pressure on thee upper torso (presumably from one of the officer's knees being pressed to [the decedent's] back, handcuffing, and struggle were all the result of [the decedent's] illegal, physical, and prolonged resistance.")

[3] Within her Amended Complaint, Plaintiff uses various "terms of art," that only apply in the context of a federal Fourth Amendment *Monell* claim and are inapplicable to the state law claims—i.e. "policies and customs," "culture of impunity." *See Monell v. New York City Social Services,* 436 U.S. 658 (1978) (a municipality can only be held liable if its widespread policies, customs, or culture was unconstitutional and the moving force behind an alleged constitutional violation).

[4] Plaintiff Stickney alleges that she is bringing this lawsuit "on her own behalf and as a statutory trustee for all statutory beneficiaries." *See* Amended Complaint ¶ 2. Plaintiff, however, does not identify any of these claimed statutory beneficiaries in her Amended Complaint, nor did she do so in her Notice of Claim ("NOC"). A.R.S. § 12-821.01 requires persons with claims against a public entity or public employee to file a NOC containing "facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." *See* A.R.S. § 12-821.01(A). The NOC must "also contain a specific amount for which the claim can be settled and the facts supporting the amount." *Id.* The NOC statute is "clear and unequivocal," and the failure to comply with any aspect of the statute prevents a plaintiff's claim from going forward. *Deer Valley Unified Sch. Dist. v. Houser*, 152 P.3d 490, 493 (Ariz. 2007). A claimant's failure to comply with this requirement is not excused by actual notice or substantial compliance. *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006). Because Stickney did not comply with the NOC requirements for all unidentified statutory beneficiaries, she may proceed only on her own behalf. Further, by not identifying who the purported statutory

she may not assert any state law claims directly against them.[5] *See Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 629 (Ariz. App. 2010).

## II. LAW AND ARGUMENT.

### A. *Ryan v. Napier* and A.R.S. § 12-820.05 Preclude any *Respondeat* Superior Theory Against the City for Allegations of Officers' Intentional Use of Force.

In *Ryan v. Napier*, the Arizona Supreme Court addressed the viability of a negligence claim against a police officer for intentional use of force. The officer in question intentionally released a K-9, which bit the plaintiff. The police response started when plaintiff swerved into the opposite lane and nearly collided with a patrol car. The deputy began pursuing plaintiff, who did not immediately stop. Other deputies deployed stop sticks into the plaintiff's projected path—the disable his tires—but he pulled over before hitting them. Plaintiff refused to follow directions, started his car, drove over the sticks, and then stopped the car again. When he got out, plaintiff was staggering. He was warned "stop or you will be bitten," and the deputy intentionally released the K-9 after observing non-compliance. It was later determined that the plaintiff was diabetic and suffering a severe hypoglycemic event. As a result, "he lacked cognitive function to understand what was happening or respond to police commands." 245 Ariz. 58.

Plaintiff sued the County and Sheriff based upon the intentional use of force under a theory of vicarious liability. In addressing the claim of excessive force, the Court first noted that "negligence and intent are mutually exclusive grounds for liability." *Id.* at 60. The Court held that that "negligent use of intentionally inflicted force" is **not** a cognizable claim

---

beneficiaries are, this Court cannot determine if they have standing. *See* A.R.S. § 12-612 (excluding siblings from statutory beneficiaries).

[5] The NOC is not outside the pleadings where Plaintiff specifically referenced in her Amended Complaint. *See Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) (considering evidence if: the complaint refers to it; the document is central to the claims; and no party questions the authenticity). The NOC is also a Public Record. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048 (9th Cir. 2007) (court may take judicial notice of matters of public record without converting a pleading to a motion for summary judgment); *Phoenix Newspapers, Inc. v. Ellis*, 215 Ariz. 268 (Ariz.Ct.App. 2007) (notice of claim is a public record); *Coleman v. City of Mesa*, 230 Ariz. 352 (2012) (public records regarding matters referenced in a complaint are not "outside the pleading."

and also that there can be no negligence claim related to "a law enforcement officer's 'evaluation' of whether to intentionally use force against another person." *Id*. The court reasoned as follows:

> In short, Klein's internal evaluation of whether to release Barry and his decision to do so was part and parcel of his intent to inflict harmful or offensive contact on McDonald. *Cf. Latits v. Phillips*, 298 Mich. App. 109, 826 N.W.2d 190, 196 (Mich. Ct. App. 2012) ("[T]he claim that defendant failed to appreciate that [plaintiff] did not pose a risk of harm may have some bearing on whether defendant made the proper decision to shoot, but it does not alter the fact that it was an intentional decision to shoot.").

*Id*. at 60-61. In addition to finding that an excessive force claim cannot be pled as a negligence theory, the Court also addressed *respondeat* superior claims against an entity for intentional torts:

> We are further persuaded because permitting negligence liability to rest on an officer's internal evaluation of the need for intentionally inflicted force could permit plaintiffs to "plead around" statutory provisions that apply only to intentional tort claims. First, a public entity, like the Pima County Sheriff's Office, is immune from liability for damages caused by an employee's felony act unless the entity knew of the employee's propensity to commit such acts. *See* A.R.S. § 12-820.05; *Gallagher v. Tucson Unified Sch. Dist.*, 237 Ariz. 254, 257 ¶ 10, 349 P3d 228 (App. 2015). Similarly, the public entity is not required in that circumstance to indemnify the employee for any liability imposed. See A.R.S. § 41-621(L). Thus, if Klein's intentional release of Barry on McDonald was unjustified and consequently determined to be an aggravated assault, see A.R.S. §§ 13-1203 (A), -1204(A), the Sheriff would be immune from liability, unless he knew that Klein had a propensity to act as he did, and would not be required to indemnify Klein…Second, statutory presumptions are triggered when a law enforcement officer intentionally uses physical force to arrest or capture a suspect and the suspect is injured. The officer is "presumed to [have been] acting reasonably" in using physical force. A.R.S. § 12-716(A)(1). And the officer's employer is "presumed to have reasonably hired and trained" its officers to use that physical force. *Id*. § 12-716(A)(1). A negligence action based on Klein's evaluation of the need for force avoided these provisions. But the applicability of legislatively mandated immunity, insurance, and evidentiary presumption provisions should not depend on clever pleading.

*Id*. at 61-62. See also *Barraza v. United States*, 2020 U.S. Dist. LEXIS 81200 (D.Ariz. 2020) (citing *Ryan v. Napier* as the basis for the holding that Taser—and claim that trigger

4

was held for too long—was an intentional use of force and "the action directly resulting from that decision (i.e. holding the trigger) cannot be separately characterized as negligence.")

**B.** **Plaintiff's Training. Supervision, and Ratification Claims Against the City of Phoenix Fail.**

Plaintiff's training and supervision claims fall into two general categories: (1) training that allegedly would have changed the officers' internal decision-making relative to force; and (2) "transparency" claims wholly unrelated to these particular officers, but generally relating to records retention and litigation. Plaintiff also baldly, without facts, contends that the City "ratified" the officers' conduct—a term of art relating to Section 1983 claims, not state law claims. In analyzing the Plaintiff's theories, the court need not accept "conclusory statements." *Coleman*, 230 at 356. The theories falling into these three categories fail.

First, most of these theories represent an "artful" attempt to plead around the language of A.R.S. 12-820.05, which immunizes entities from liability for losses arising out of felony acts of an employee. *See Fernandez v. City of Phoenix*, 2012 U.S. Dist. LEXIS 85268 (D.Ariz. 2012) (City immune from liability regardless of whether the officer was convicted—in claim that officer unlawfully shot a citizen—on the basis of A.R.S. 12-820.05: "whether the City is directly or merely vicariously liable, the loss is the same, and the City is immune unless it knew of Chrisman's propensity to commit the act."); *Doe v. Dickenson*, 615 F.Supp. 2d 1002, 1015 n. 8 (D.Ariz. 2009) (because the entity was entitled to immunity based upon A.R.S. § 12-820.05, the court did not need to address the insufficiency of the evidence arguments on negligent training and supervision claims before granting summary judgment on all state law claims). In *Gallagher v. Tucson Unified Sch. Dist.*, 237 Ariz. 254 (App.Div. 2 2015), the Court addressed whether an entity could be held liable, on a negligent hiring, retention, and supervision claim for the alleged felony conduct of an employee in molesting a student. In concluding that the entity could not, the Court noted that the "losses" that the plaintiff sought to recover through their vicarious and direct

liability claims "arose out of and are directly attributable to" the felony actor's conduct. *Gallagher* was cited, with approval, in *Ryan v. Napier*. Here, Plaintiff's training, supervision, and ratification theories "arise out of and are directly attributable to the officers and, as a result, the theories are barred.

Second, theories related to internal decision making connected to the intentional use of force—that the officers should have evaluated the need to use force differently, failed to appreciate the dangerousness of the plaintiff, etc.—are the precise type of "artful" pleading that was rejected in *Ryan v. Napier* and that attempts to work around the presumptions of A.R.S. § 12-716.

Third, wrongful death claims—a wrongful death claim is a creature of statute, and as a result, must be strictly construed. *See* A.R.S. § 12-611; *Shoenrock v. Cigna Health Plan (ABC-HMO, Inc.),* 148 Ariz. 548 (App. Div. 1. 1985). Plaintiffs bear the burden of proving that Wells' death was caused by the City's wrongful acts. *See* A.R.S.§ 12-611. Here, causation is entirely lacking for any "transparency" claims. *See Shepard v. United States*, 587 F.Supp. 1525 (D.Ariz. 1984). Thus, to the extent that any of the Plaintiff's theories survive the infirmaries outlined above, nothing in the "facts" alleged by Plaintiff establish that any of the responding officers had been disciplined before, had knowledge of other officers being disciplined and their files purged, knew anything about the City's response time for police reports, knew anything about any other officers' discipline or lack thereof, or had any knowledge about whether any "victims" were discouraged or prevented from bringing lawsuits. How alleged administrative actions—unrelated to the officers at the scene—could have "caused" them—in their internal decision-making process—to use force is unknown.

### III. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's claims should be dismissed.

DATED this 5th day of June 2020.

WIENEKE LAW GROUP, PLC

By:   */s/ Christina Retts*_____
      Kathleen L. Wieneke
      Christina Retts
      1095 West Rio Salado Parkway, Suite 209
      Tempe, Arizona 85281
      *Attorney for Defendant City of Phoenix*

**ORIGINAL e-filed via AZTurboCourt this
5th day of June 2020.**

**On this same date, a true COPY of the foregoing was
served via AZTurboCourt (per Arizona Supreme Court
Administrative Order 2014-23) to:**

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 South Val VistaDrive9 Suite 208
Mesa, AZ 85204
*Attorneys for Plaintiff*


By: */s/ Mica Mahler*_____

# EXHIBIT 1

BURNETT LAW OFFICE, PLC
1744 South Val Vista Drive, Suite 208
Mesa, AZ 85204

Office: 480-347-9116
Fax: 480-347-9142

August 1, 2019

SERVED VIA HAND-DELIVERY AND MAIL UPON:

City of Phoenix

City Clerk Department

200 W. Washington St. 15th Floor

Phoenix, AZ 85003

2019 AUG -2 PM 3: 31    CITY CLERK DEPT.

Re:    *Decedent:*            *Casey Wells*

        *Date of Incident:*        *February 4, 2019*

        *Date of Death:*          *February 6, 2019*

> *Names of Officers Involved, or with knowledge of the incident, are all listed in the incident report attached hereto.  The names of witnesses interviewed by the City of Phoenix are also listed in the incident report attached hereto.  In the event additional officers or witnesses become know, this Notice of Claim will be supplemented.*

1

## NOTICE OF CLAIM

Lei Ann Stickney, natural mother decedent, Casey Wells, on her own behalf and on behalf of any other legal beneficiary (Casey's natural father, Doug Wright) (hereinafter "Claimants") submit this Notice of Claim to the City of Phoenix (hereinafter "Defendant" or "City of Phoenix"), pursuant to A.R.S. § 12-821.01 and Rule 408, Arizona Rules of Evidence, for the death of Casey Wells, as a direct and proximate result of the acts and/or omissions of the City of Phoenix, its agents, servants and employees. Investigation into this event is still in progress. Accordingly, this Notice of Claim is based largely on the limited information currently available.

## THE FACTS SUFFICIENT TO UNDERSTAND THE BASIS FOR LIABILITY

This case involves the preventable death of a 40-year old man while in the custody of the City of Phoenix Police Department. On February 4, 2019, Casey Wells was a victim of excessive use of force by the City of Phoenix Police Department. As a result, Lei Ann Stickney and Doug Wright lost their son.



Casey Wells was born on October 11, 1978 in Prescott, Arizona. Casey attended school in both Prescott and Phoenix. Casey's legacy began when his Mother helped him with his dream to attend a Bull Fighter/Rodeo Clown Clinic. Casey began his career as a Bull Fighter at the young age of 14 years old. Casey was one of the few unique individuals in this world to have

2

been able to succeed at such an exciting and daring sport. He took his job as a Bull Fighter very serious and found great satisfaction in assisting all of the riders he was responsible for and because of this dedication has acquired many meaningful and lasting relationships to the people in this unique world that they all existed in. Casey fought bulls from 1992 to 2009. Casey was willing to help and assist anyone with any need they had at any time and was a true friend to many in addition to the rodeo family that he knew. Despite chemical addictions which he fought for several years, he had a true kind and giving heart. His mother and father miss him deeply.

On February 4, 2019, City of Phoenix police officers respond to calls reporting a naked man in the street. The man is naked and praying, or performing yoga, in the middle of the street.

When officers respond to a non-violent call, involving a citizen who is either mentally ill or intoxicated because of drug use, the officer(s) should take steps to keep the situation calm. Where violence or destructive acts have not occurred, the officer(s) should avoid physical confrontation and should take the time to calm a citizen and assess the situation. If it becomes necessary to restrain the citizen, an electronic control device, such as a taser, should not be used against citizens that are handcuffed/restrained.

At 14:19:18 hours City of Phoenix police officer, Officer Arnold (badge 9243), arrives first on the scene. Approximately two minutes and four seconds later, Sergeant Rodarme (badge 6999) arrives on scene. Within forty-four seconds after Sergeant Rodarme arrived, the Sergeant requested another unit. Sixteen seconds later, at 14:25:14, Sergeant Rodarme indicates the "suspect is fighting". This means, within five minutes and fifty-four seconds after the first officer arrives on scene, the police officers are fighting with a naked man in the middle of the street. The naked man was not armed. He was in the middle of the street with, clearly, no access to weapons. By Officer Arnold and Sergeant Rodarme's own accounts, the naked man did not

3

initiate a physical altercation with the police. Casey Wells was praying to God and practicing yoga poses. Notwithstanding, within minutes of arrival, the officers attempted to physically apprehend Casey. They claim he responded by purposefully punching one officer in the mouth. Independent witnesses have varying accounts. Some have said Casey was simply flailing his arms. Others have said he was spinning and his arms were flailing. Casey posed no threat to the officers. It would have been clear that Casey was suffering from a mental psychosis, a drug induced delusion, or both. The two officers claim they attempted to deescalate the situation. Yet, within less than six minutes of the initial encounter with a non-violent and unarmed man, the officers are fighting Casey Wells.

Two minutes and twenty-seven seconds later, at 14:27:41 hours, a third officer arrives. Within eleven seconds of his arrival, Officer Seaquist (badge #7211) has requested the Fire Department. Two more officers arrive, Officers Funston and Long. Roughly one minute later, Officer Seaquist shoots Casey with his taser gun. The officers claim Casey was tased because they could not secure him. An independent witness, John Antoniades, says Casey is shot with the taser while lying on his stomach, naked on the asphalt, hands cuffed, legs secured. The witness, Mr. Antoniades, then sees one officer talking into Casey's ear; it isn't clear if the officer is just talking to him or taunting him…then he hears several more "pops", the sound of the taser being repeatedly shot into Casey's naked and restrained body. This witness's statement is corroborated by the taser download. According to the download, Officer Seaquist shoots Casey with his taser gun five times over a time frame of only one minute and thirty-five seconds. The witness then sees the police officers standing around Casey's body, and he hears one say that Casey's heart has stopped. At 14:31:20 hour, one of the officers says to another that Casey is "purple, no pulse". Roughly 12 minutes from the time the first officer arrives on scene, Casey

has been attacked, hand-cuffed, ankles restrained, tased five times, and is now coded.

An officer begins to perform chest compressions. It is not clear if this is the moment when Casey's sternum and several ribs on the right and left side are fractured. Paramedics arrive and take Casey to John C. Lincoln Deer Valley hospital. At 14:55 hours Casey is PEA to asystole. Epinephrine is administered and a pulse is found. Casey is diagnosed with cardiac failure, CNS failure or compromise, metabolic crisis and respiratory failure. The hospital records note that he has "taser darts to left scapular region" (the left upper side of his back). Later clinical impression includes cardiopulmonary arrest, Pulseless electrical activity, encephalopathy acute, systemic inflammatory response syndrome, acidosis, lactic acid increase, hypernatremia, and coagulopathy. An EEG shows "severe, global cerebral dysfunction", with evidence of generalized epileptiform activity and multiple generalized electrographic seizures. A CT scan of his brain tells us "findings most compatible with severe hypoxic ischemic brain injury involving gray matter structures with effacement of basilar cisterns and slightly downward displacement and swelling of cerebellar tonsils". Casey is brain dead. Two days later, on February 6, 2019, the hospital staff order a palliative care consult. Casey's mother, Lei Ann Stickney has been by his side, now she must call loved ones and ask them to come give Casey their last goodbyes. On February 6, 2019 at 17:46 hours, Casey Wells is pronounced dead.

The death certificate indicates the cause of death as follows: "Complications of cardiac dysrhythmia and arrest in setting of drug (methamphetamine) intoxication, acute psychosis, arteriosclerotic cardiovascular disease and physical restraint with prone positions and possible extrinsic chest compression. As of the date of this Notice of Claim, the medical examiner's office will not release the autopsy report because there is an open investigation.

Casey Wells posed no threat to the police officers, to himself, or to the community. He

was praying in the street. He was naked, he had no guns, and nothing near him to use as a weapon. He was in an altered state. But it was not a violent state. Notwithstanding, rather than take the time to help Casey, they took his life. It took 12 minutes.

## LEGAL CLAIMS REGARDING LIABILITY

Liability for all of the legal claims described below apply equally to the City of Phoenix, pursuant to principles of *respondeat superior* and vicarious liability, as well as the officers who were directly involved in the subject incident. The conduct of these officers is imputed to their employer, the City of Phoenix, pursuant to principles of agency and vicarious liability. This general assertion of all claims against the City of Phoenix and the omission of specific references to the City or specific officers, within the specific claims described below, is merely for purposes of brevity.

The officers who physically abused Casey, or failed to intervene and prevent this abuse, were acting "in concert", pursuant to *A.R.S.* § 12-2506, during their involvement in the above-described incident. Therefore, all the officers, and subsequently the City of Phoenix, are jointly and severally liable for all damages which led to Casey's death.

It is axiomatic that "the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures." *Chew v. Gates*, 27 F.3d 1432, 1440-43 (9th Cir. 1994) citing *Graham v. Connor*, 480 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). Such an "analysis requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interest at stake' to determine whether the use of force was objectively reasonable under the circumstances." *Smith v. City of Hemet*, 394 F.3d 689, 700-01 (9th Cir. 2005)(internal citations omitted). "Stated another way, [courts] must 'balance the amount of force applied against the need for that force.'" *Bryan v. Macpherson*, 630 F.3d

6

805, 823-24 (9th Cir. 2010) citing *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003).

The City of Phoenix, and its respective employees, have duties to Claimants as well as every other member of the public, which include, without limitation, complying with the United States and Arizona Constitutions, as well as the laws of the State of Arizona, and City of Phoenix, including, hiring, training, and supervising its officers so as to ensure that officers comply with the law, its own policies and procedures, and the United States and Arizona Constitutions. The City of Phoenix breached these duties via the acts of its employees by using force that was excessive, and which led to the death of Casey Wells.

Based on the foregoing, the Claimants intend to file an action in Maricopa County Superior Court or other appropriate forums wherein they will assert claims pursuant to both state and federal law. In regard to state law claims, Claimants will assert claims of negligence and gross negligence, negligent hiring, training, and supervision, excessive force, and any other applicable state law torts. In addition, pursuant to 42 U.S.C. §1983, Claimants will assert claims for the violation of their civil rights guaranteed to them by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. In that suit, Claimants will seek, among other things, compensatory damages, special damages, punitive damages, and pursuant to 42 U.S.C §1988, an award of attorneys' fees and costs.

Should it be necessary, Claimants are prepared to proceed with litigation to recover, not only what is priceless, the dollar amount representative of the value of the loss of their beloved son, but also to raise awareness of what is happening with the excessive use of force at the City of Phoenix police department. Because A.R.S § 12-821.01 requires a notice of claim to contain a specific amount for which the claim can be settled, claimants will agree to settle this matter for $10,000,000.00 as to Lei Ann Stickney and $10,000.00.00 as to Doug Wright, for a total of

$20,000,000.00 as to both claimants.

## **FACTS SUPPORTING AMOUNT CLAIMED**

Lei Ann Stickney is Casey Wells' mom. Lei Ann misses her son dearly, every day. Casey lived at home with his mother. They spent time together every day. Casey enjoyed wood working. He recently built his mom a woodshed. Anytime she needed help, he was there to help her. She's recently reminded that he can't help with these things anymore. This moment, like the hundreds of events since February 6, 2019 that have triggered memories of Casey have been followed by an overwhelming feeling of loss, will be following by thousands, and hundreds of thousands, of similar moments in the future. These precious moments will arise in the mundane of day to day life and will resurface in the quiet moments of reflection. Lei Ann will not see her son grow old. When she is enjoying her "golden years", rather than spending time with her son, she will be left to look at old videos and pictures. Her loss is priceless. Lei Ann is asserting damages for the loss of love, affection, companionship, care, and protection since Casey's death and into the future. She is asserting damages for the pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced, and reasonably probable to be experienced in the future. She is asserting damages for the services that have already been lost as a result of Casey's death, and that are reasonably probable to be lost in the future.

Doug Wright is Casey's dad. It's been said that a parent should never have to bury their child. Doug buried his child in February of 2019. Doug is roofer in northern Arizona. Over the last few years, Casey would travel north to visit him, help him on roofing projects, or eat dinner at Doug's mom's house (Casey's grandmother). Doug is asserting damages for the loss of love, affection, companionship, care, and protection since Casey's death and into the future. He is asserting damages for the pain, grief, sorrow, anguish, stress, shock, and mental suffering

already experienced, and reasonably probable to be experienced in the future. He is asserting damages for the services that have already been lost as a result of Casey's death, and that are reasonably probable to be lost in the future.

ATTACHED EXHIBITS

1. Incident Report

2. Medical Records from City of Phoenix Emergency Transportation Services

3. Medical Records from John C. Lincoln

4. Death Certificate

5. Picture of Kyle at hospital

6. Investigator Recorded Interview with Witness John Antoniades

If the contents of this Notice of Claim are considered deficient by the City of Phoenix, it is requested to notify undersigned immediately. If City of Phoenix fails to contact undersigned in writing within 30 days to identify the alleged deficiency, any such deficiency will be considered waived, and claimant will rely on City of Phoenix's silence as evidence of the sufficiency of this Notice.

Respectfully submitted,

By: _____

Thomas A. Burnett, Esq.
Burnett Law Office, PLC
1744 South Val Vista Drive, Suite 208
Mesa, AZ 85204
Phone: 480-347-9116
Fax: 480-347-9142
Email: tom@burnettlawaz.com
Attorney for Claimants

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, on her own behalf and on behalf of all statutory beneficiaries of **CASEY WELLS**;<br><br>        Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, a municipality;<br><br>        Defendant. | No. CV2020-091655<br><br>**STIPULATION TO EXTEND DEADLINES**<br><br>(Assigned to the Honorable David Palmer) |

        The parties hereby stipulate to extend the time for Plaintiff to respond to Defendant's Motion to Dismiss to July 1, 2020, and for Defendant to file its Reply in Support of its Motion to Dismiss to July 23, 2020. Counsel for the parties have conferred regarding this matter and agree to the extensions of time.

///

///

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

RESPECTFULLY SUBMITTED: June 17, 2020

        **ROBBINS & CURTIN, p.l.l.c.**

By: /s/ Jesse M. Showalter
   Joel B. Robbins
   Jesse M. Showalter
   301 E. Bethany Home Road
   Suite B-100
   Phoenix, Arizona 85012
   *Attorneys for Plaintiff*

        **WIENEKE LAW GROUP, PLC**

By: /s/ Christina Retts (w/permission)
   Kathleen L. Wieneke
   Christina Retts
   1095 W. Rio Salado Parkway
   Suite 209
   Tempe, Arizona 85281
   *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Kathleen L. Wieneke
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
*Attorneys for Defendant*

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

1  Thomas A. Burnett, Esq. (026509)
   Donal E. Burnett, Esq. (028800)
2  **BURNETT LAW OFFICE, PLC**
3  1744 South Val Vista Drive, Suite 208
   Mesa, Arizona 85204
4  Tel: (480) 347-9116
   tom.burnett@burnettlawaz.com
5  don.burnett@burnettlawaz.com
6
7  Joel B. Robbins, Esq. (011065)
   Jesse M. Showalter, Esq. (026628)
8  **ROBBINS & CURTIN, p.l.l.c.**
   301 East Bethany Home Road, Suite B-100
9  Phoenix, Arizona 85012
   Tel: (602) 285-0100
10 joel@robbinsandcurtin.com
11 jesse@robbinsandcurtin.com
   *Attorneys for Plaintiff*

12

13    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14        **IN AND FOR THE COUNTY OF MARICOPA**

15  **LEI ANN STICKNEY**, on her own behalf          No. CV2020-091655
    and on behalf of all statutory beneficiaries
16  of **CASEY WELLS**;
17                                                      **ORDER**
              Plaintiff,
18  v.
19                                                   (Assigned to the
    **CITY OF PHOENIX**, a municipality;            Honorable David Palmer)
20
              Defendant.
21

22        Pursuant to the parties' Stipulation to Extend Deadlines and good cause appearing,

23        IT IS HEREBY ORDERED granting the Stipulation to Extend Deadlines.

24        IT IS FURTHER ORDERED extending the deadline for Plaintiff to file her Response

25  to Defendant's Motion to Dismiss to July 1, 2020, and for Defendant to file its Reply in

26  Support of its Motion to Dismiss to July 23, 2020.

27  ///

28

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

DATED: _____

_____
Honorable David Palmer
Maricopa County Superior Court

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Clerk of the Superior Court
*** Electronically Filed ***
V. Felix, Deputy
6/24/2020 8:00:00 AM
Filing ID 11758113

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, on her own behalf and on behalf of all statutory beneficiaries of **CASEY WELLS**;<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, a municipality;<br><br>Defendant. | No. CV2020-091655<br><br>**ORDER**<br><br>(Assigned to the Honorable David Palmer) |

Pursuant to the parties' Stipulation to Extend Deadlines and good cause appearing,

IT IS HEREBY ORDERED granting the Stipulation to Extend Deadlines.

IT IS FURTHER ORDERED extending the deadline for Plaintiff to file her Response to Defendant's Motion to Dismiss to July 1, 2020, and for Defendant to file its Reply in Support of its Motion to Dismiss to July 23, 2020.

///

DATED: _____

_____
Honorable David Palmer
Maricopa County Superior Court

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# eSignature Page 1 of 1

Filing ID: 11758113   Case Number: CV2020-091655
Original Filing ID: 11743619

**Granted as Submitted**



/S/ David Palmer Date: 6/22/2020
Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2020-091655

E-FILING ID #: 11758113

SIGNATURE DATE: 6/22/2020

FILED DATE: 6/24/2020 8:00:00 AM

THOMAS A BURNETT

CITY OF PHOENIX
NO ADDRESS ON RECORD

1  Thomas A. Burnett, Esq. (026509)
2  Donal E. Burnett, Esq. (028800)
   **BURNETT LAW OFFICE, PLC**
3  1744 South Val Vista Drive, Suite 208
   Mesa, Arizona 85204
4  Tel: (480) 347-9116
5  tom.burnett@burnettlawaz.com
   don.burnett@burnettlawaz.com
6

7  Joel B. Robbins, Esq. (011065)
   Jesse M. Showalter, Esq. (026628)
8  **ROBBINS & CURTIN, p.l.l.c.**
   301 East Bethany Home Road, Suite B-100
9  Phoenix, Arizona 85012
   Tel: (602) 285-0100
10 joel@robbinsandcurtin.com
11 jesse@robbinsandcurtin.com
   *Attorneys for Plaintiff*
12

13           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14                **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| 15 **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**; | No. CV2020-091655 |
| 17 | **PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| 18 | |
| 19 Plaintiff, | **(Filed With Permission)** |
| 20 v. | |
| 21 **CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; | (Assigned to the Honorable David Palmer) |
| 22 **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; | |
| 23 **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN** | |
| 24 **YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS** | |
| 25 **FUNSTON**, an individual; | |
| 26 | |
| 27 Defendants. | |

28

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Plaintiff, Lei Ann Stickney, on her own behalf and on behalf of the statutory beneficiaries of Casey Wells, and as the personal representative of the Estate of Casey Wells, for her Second Amended Complaint ("SAC") against the Defendant named herein alleges as follows:

## **PARTIES**

1. At the time of his death on February 6, 2019, Casey Wells was a 40-year-old citizen of the United States of America and a resident of Maricopa County, Arizona.



2. Phoenix police officers restrained Casey on the ground in handcuffs and hobbles, placed their knees on his back, and tased him until he died:



ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

3.     Plaintiff, Lei Ann Stickney, is an adult female presently residing in the State of Arizona.

4.     Plaintiff is the surviving mother of Casey Wells, and brings this action on her own behalf and as statutory trustee for all statutory beneficiaries pursuant to A.R.S. § 12-611, *et seq.*

5.     Plaintiff also brings this action on behalf of the Estate of Casey Wells, for which she is the personal representative.

6.     Doug Wright is an adult male presently residing in the State of Arizona. He is the surviving father of Casey Wells and is a statutory beneficiary pursuant to A.R.S. § 12-611, *et seq.*

7.     Defendant City of Phoenix is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona. It is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

8.     Joseph Seaquist is an individual and a citizen of Arizona.

9.     At all times alleged in the SAC, Joseph Seaquist was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

10.     Travis Funston is an individual and a citizen of Arizona.

11.     At all times alleged in the SAC, Travis Funston was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

12.     James Arnold is an individual and a citizen of Arizona.

13.     At all times alleged in the SAC, James Arnold was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

14.     Robert Rodarme is an individual and a citizen of Arizona.

15.     At all times alleged in the SAC, Robert Rodarme was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

16.     Frank Long is an individual and a citizen of Arizona.

17.     At all times alleged in the SAC, Frank Long was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

18.     Kenneth Palmer is an individual and a citizen of Arizona.

19.     At all times alleged in the SAC, Kenneth Palmer was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

20.     Sean Yamane is an individual and a citizen of Arizona.

21.     At all times alleged in the SAC, Sean Yamane was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

22.     Dustin Haynes is an individual and a citizen of Arizona.

23.     At all times alleged in the SAC, Dustin Haynes was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

24.     In this SAC, Defendants Seaquist, Funston, Arnold, Rodarme, Long, Palmer, Yamane, and Haynes are referred to collectively as "the Officer Defendants."

## JURISDICTION AND VENUE

25. The amount in controversy exceeds the jurisdictional limitations of this Court.

26. As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim pursuant to A.R.S. § 12-821.01 upon Defendant City of Phoenix on or about August 1, 2019. The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of statute.

27. The events that form the basis of this SAC occurred on or about February 4, 2019, in Maricopa County.

28. Venue is proper in the Superior Court in and for Maricopa County.

## FACTUAL ALLEGATIONS

### The Restraint Induced Death of Casey Wells

29. On February 4, 2019, City of Phoenix police officers responded to calls reporting a naked man in the street on a residential street in Phoenix, Arizona.

30. The man was Plaintiff's son, Casey Wells.

31. Casey was naked and praying, or performing yoga, in the street.

32. Casey was unarmed.

33. Casey was obviously mentally disturbed whether because of mental illness or intoxication.

34. There was no report that Casey was violent or dangerous, he was simply a mentally disturbed man standing naked in the street.

35. When police officers respond to a non-violent call involving a citizen who is either mentally ill or intoxicated because of drug use, the officer(s) should take steps to keep the situation calm.

36. Where violence or destructive acts have not occurred, the officer(s) should avoid physical confrontation and should take the time to calm a citizen and assess the situation.

37. If it becomes necessary to restrain the citizen, an electronic control device, such as a taser, should not be used against citizens that are handcuffed/restrained.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

38.     City of Phoenix police officer Defendant James Arnold arrived first on the scene at 2:19 p.m.

39.     As Defendant Arnold approached, Casey stood still with his arms raised. He was yelling at the sky and "talking to God."



40.     At 2:22 p.m., Phoenix police officer Defendant Robert Rodarme arrived on scene.

41.     At 2:24 p.m., Officer Rodarme requested additional units.

42.     Officers Arnold and Rodarme initiated a physical confrontation with Casey.

43.     The officers knew that Casey was not armed and that he had no access to weapons of any kind.

44.     Casey posed no threat of harm to himself or those around him.

45.     The officers knew that Casey Wells was suffering from a mental psychosis, a drug induced delusion, or both.

46.     Rather than take reasonable efforts to keep the situation calm, within minutes of approaching Casey Wells, Officers Arnold and Rodarme attempted to use physical force to arrest Casey.

47.     Officers Arnold and Rodarme grabbed Casey's arms and attempted to pull his arms behind his back to handcuff him.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

48. Casey responded by spinning in circles, grunting, and flailing his arms and legs.

49. Officers Arnold and Rodarme continued to escalate the situation by using more and more force in an attempt to arrest Casey, who they knew was mentally disturbed and who they did not suspect had committed any sort of violent or dangerous crime.

50. Officer Arnold wrapped his arms around Casey as Officer Rodarme grabbed Casey from behind. Together, Officers Arnold and Rodarme took Casey to the ground, causing him to hit the back of his head on the asphalt.

51. As Casey lay on his back, Officer Arnold attempted to pin Casey to the ground by pressing his elbow into Casey's chest.

52. Defendant Officer Joseph Seaquist then arrived on scene.

53. Casey was still laying on his back in the middle of the street.

54. Officers Arnold, Rodarme, and Seaquist rolled Casey onto his stomach, and, in doing so, Casey's left arm became pinned beneath his body.

55. Casey flailed his legs, and Officer Seaquist grabbed Casey's legs and bent them toward his buttocks.

56. Defendant Officers Funston and Long then arrived on scene.

57. At that time, Officers Arnold, Rodarme, and Seaquist were holding Casey face-down on the asphalt.

58. Officers Funston and Long joined in the force being applied to Casey. Officer Funston restrained Casey's legs, and Officer Long restrained his arms.

59. As Casey lay face down with five officers on top of him and his left arm still trapped under his body, Officer Seaquist deployed his Taser into Casey's back.

60. The Taser deployment "locked [Casey] up," and his left arm remained pinned beneath his body.

61. Officer Seaquist deployed his Taser into Casey three more times as Casey lay face-down with the officers on top of him.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

62. After the fourth Taser deployment, the officers placed Casey in handcuffs behind his back.

63. Defendant Officers Haynes, Yamane, and Palmer then arrived on the scene.

64. Officers Haynes and Yamane assisted the other Officer Defendants who were still applying pressure to Casey as he lay face-down, handcuffed, on the ground.

65. Officer Haynes and Officer Funston applied a RIPP restraint (a strap used to immobilize the legs) and attached the RIPP restraint clip to the handcuff chain.

66. Officer Yamane restrained Casey's legs as the RIPP restraint was applied.

67. Officer Palmer watched as the other Officer Defendants restrained Casey on the ground. He did not provide assistance to Casey, attempt to de-escalate the other officers' use of force, or intervene on Casey's behalf.

68. As Casey was handcuffed and laying face-down on the ground and at least six of the Officer Defendants were applying pressure to his neck, back, and legs, Officer Seaquist deployed his Taser into Casey for a fifth time.

69. The Officer Defendants jointly participated in the excessive and unreasonable force used against Casey, and at no time did any Officer Defendant attempt to de-escalate the other officers' use of force or intervene on Casey's behalf.

70. Casey was unarmed and did not present a risk of serious bodily injury or death to any Officer Defendant or any other person.

71. Officer Palmer was wearing a city-issued Axon body camera.

72. At the time of Officer Palmer's arrival, the Axon body camera shows that Casey had been subdued and handcuffed and was being held down on his stomach by at least six of the Officer Defendants while a seventh officer watched.



73. The Axon body camera shows that one of the Officer Defendants was using his knee and body weight to apply pressure to Casey's upper back and neck, while Casey's hands were cuffed behind his back and his chest and stomach were flat on the ground.



74. The City of Phoenix and the Officer Defendants knew, or should have known, that applying force and weight to Casey's upper back while he was cuffed and faced down created an obvious risk of positional asphyxia, hypoxic injuries, and cardiac arrest.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

75.    The Axon body camera shows Officer Seaquist tase Casey while Casey was not moving and while force was being applied to Casey's back.

76.    The City of Phoenix and the Officer Defendants knew, or should have known, that tasing excited, mentally disturbed subjects creates a risk of death.

77.    The City of Phoenix and the Officer Defendants knew, or should have known, that repeatedly tasing any individual creates a risk of death.

78.    Officer Seaquist repeatedly and intentionally tased Casey while Casey was restrained, handcuffed, unarmed, and defenseless.

79.    Officer Seaquist tased Casey a total of five times in a timeframe of one minute and thirty-five seconds.

80.    At approximately 2:31 p.m., one of the officers announced that Casey was purple with no pulse and was not breathing.

81.    The officers used such force on Casey that they crushed all four thyroid cartilage horns in Casey's neck.

82.    Roughly twelve (12) minutes from Officer Arnold's arrival on scene, Casey Wells was unresponsive, not breathing, and had no pulse.

83.    The Officer Defendants assaulted, battered, and killed Casey after he had already been handcuffed and subdued.

84.    When paramedics arrived at the scene, they were able to administer epinephrine and Casey's pulse was recovered.

85.    Casey was transported to John C. Lincoln Deer Valley Hospital where he was diagnosed with cardiopulmonary arrest, pulseless electrical activity, encephalopathy acute, systemic inflammatory response syndrome, acidosis, lactic acid increase, hypernatremia, and coagulopathy.

86.    An EEG of Casey showed "severe, global cerebral dysfunction", with generalized epileptiform activity and multiple generalized electrographic seizures.  A CT scan of his brain found "findings most compatible with severe hypoxic ischemic brain injury

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

involving gray matter structures with effacement of basilar cisterns and slightly downward displacement and swelling of cerebellar tonsils".

87.     As a result of the City of Phoenix and the Officer Defendants' actions, Casey was brain dead.

88.     Two days later, on February 6, 2019, the hospital staff ordered a palliative care consult.

89.     Casey's mother, Lei Ann Stickney, sat by Casey's side. She contacted loved ones and asked them to come give Casey their last goodbyes.  On February 6, 2019, at 17:46 hours, Casey Wells was pronounced dead.

90.     The Maricopa County Medical Examiner determined that Casey's death was caused by cardiac dysrhythmia and arrest due to methamphetamine intoxication, acute psychosis, arteriosclerotic cardiovascular disease, and physical restraint with prone positioning and possible extrinsic chest compression.

91.     An autopsy revealed multiple perimortem fractures of Casey's thyroid cartilage: (1) the right superior horn of the thyroid cartilage was fractured into two segments; (2) the right superior lamina of the thyroid cartilage was fractured obliquely; (3) the right and left inferior horns are fractured; and (4) reddish discoloration was found in two of the fractures and in the lamina of the cricoid cartilage.

**Defendant City of Phoenix's Policies, Customs, and Procedures**

92.     Defendant City of Phoenix is responsible for training and supervising Phoenix Police Officers regarding the reasonable use of force.

93.     Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the reasonable use of force.

94.     The City of Phoenix has a policy, custom, or practice of training officers to "escalate" situations.  That is, to use more force than is reasonably necessary or appropriate to respond to situations.

95.     The City of Phoenix knows that its policy, custom, or practice of training officers to "escalate" situations results in unreasonable uses of force.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

96.     The City of Phoenix's policy, custom, or practice of training officers to "escalate" situations increases the incidence of uses of unreasonable force.

97.     The City of Phoenix has a policy, custom, or practice of training and allowing officers to use certain submission techniques, including prone positioning and the carotid control technique, which pose a significant risk of asphyxiation and death and which therefore result in unreasonable uses of force.

98.     The City of Phoenix's policy, custom, or practice of training and allowing officers to utilize submission techniques such as prone positioning and the carotid control technique increases the incidence of uses of unreasonable force.

99.     On June 9, 2020—in response to calls for police reform sparked by the asphyxiation death of George Floyd at the hands of Minneapolis police officers—City of Phoenix Police Chief Jeri Williams announced that the Phoenix Police Department would stop using the carotid control technique and would stop training officers on the technique.

100.    The City of Phoenix has a policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force.

101.    The purpose of the City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police officer uses of force is to prevent the public and the victims of police violence from learning about the real facts involved in the uses of force.

102.    The purpose of the City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police violence is to prevent victims of police violence from bringing lawsuits against the City of Phoenix and its employees related to police officer use of excessive force.

103.    The City of Phoenix's policy, custom, or practice of delaying and slowing down the release of information relating to incidents involving police violence creates a culture of impunity and encourages the City of Phoenix's officers to use excessive, unnecessary, and unreasonable force.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

104.    The City of Phoenix has a policy, custom, or practice of "purging" officer discipline records.

105.    The purpose of the City of Phoenix's policy, custom, or practice of "purging" officer discipline records is to prevent the public and the victims of police violence from learning about the historical uses of unreasonable force, and other infractions, of the police officers involved in an incident of unreasonable force.

106.    The purpose of the City of Phoenix's policy, custom, or practice of "purging" officer discipline records is to prevent victims of police excessive force from bringing lawsuits against the City of Phoenix and its employees related to police officer use of excessive force.

107.    The City of Phoenix's policy, custom, or practice of "purging" office discipline records has created a culture of impunity that encourages the City of Phoenix's officers to use excessive force when it is not reasonable.

108.    Defendant City of Phoenix is responsible for training and supervising Phoenix police officers regarding interaction with a non-violent citizen who is either mentally ill or intoxicated because of drug use.

109.    Defendant City of Phoenix has failed to properly train and supervise its police officers regarding police officer interaction with the mentally disturbed, whether such individuals are suffering from mental illness or intoxication.

110.    Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the use of tasers, including the dangers of repeated uses of tasers, the dangers of using tasers on the mentally disturbed, and the fact that tasers should not be used on handcuffed and restrained individuals.

111.    Defendant City of Phoenix has failed to properly train and supervise its police officers regarding the dangers of positional asphyxia.

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

<u>**COUNT ONE - WRONGFUL DEATH**</u>
**(City of Phoenix)**

112.     The foregoing paragraphs are incorporated as if fully set forth herein.

113.     At all relevant times, the Officer Defendants were acting in the course and scope of their employment for Defendant City of Phoenix.

114.     The City of Phoenix is vicariously liable for the acts of the Officer Defendants.

115.     The Officer Defendants assaulted and battered Casey Wells.

116.     The Officer Defendants caused harmful or offensive contact to Casey by using excessive force which killed him.

117.     The assault and battery was not justified.

118.     The City of Phoenix ratified the assault and battery of the Officer Defendants.

119.     The assault and battery was not justified and caused Casey's death and damaged Plaintiff.

120.     Defendant City of Phoenix owes a duty of care to members of the public with whom they come into contact and/or investigate, including Casey Wells.

121.     Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers with respect to the reasonable use of force in situations such as these.

122.     Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers with respect to de-escalation techniques.

123.     Defendant City of Phoenix breached this duty by failing to adequately train and supervise their officers regarding interaction with non-violent citizens in a mentally disturbed state.

124.     Defendant City of Phoenix breached its duty by failing to adequately train and supervise its officers regarding the use of tasers, including the dangers of using tasers on the mentally disturbed and the dangers of repeated taser use.

125.     Defendant City of Phoenix breached its duty by failing to adequately train and supervise its officers regarding positional asphyxia.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

126.    As a result of these breaches, Defendant City of Phoenix caused Casey's death.

127.    Defendant City of Phoenix and its officers and employees that participated in the incident with Casey Wells acted in concert with each other or pursuant to a common design.

128.    Defendant City of Phoenix and its officers and employees that participated in the incident with Casey Wells failed to use reasonable care and recklessly disregarded obvious risks of harm to Casey Wells.

129.    Defendant City of Phoenix and its officers and employees caused the death of Casey Wells by their failures to use reasonable care and by their recklessly disregard for the obvious risks of harm to Casey Wells.

130.    Defendant City of Phoenix is vicariously liable for the conduct of its employees for causing the Casey's death.

131.    As a direct result of Defendant City of Phoenix's intentional, negligent, grossly negligent, deliberately indifferent, willful, wanton, and/or reckless conduct, Casey was killed, and Plaintiff and all statutory beneficiaries of Casey sustained damages, including pain and suffering, grief, emotional distress, loss of support, loss of love and affection, and loss of enjoyment of life.

## COUNT TWO – 42 U.S.C. § 1983
### Violation of Fourth Amendment Right to be Free from Unlawful Seizures and Excessive Force
### (Officer Defendants)

132.    The foregoing paragraphs are incorporated as if fully set forth herein.

133.    Casey Wells had a Fourth Amendment right to be free from unlawful searches and seizures and from excessive force.

134.    The Officer Defendants violated Casey Wells' Fourth Amendment rights when, acting in concert with one another, they restrained him in a prone position for longer than reasonably necessary.

135.    Officer Seaquist violated Casey Wells' Fourth Amendment rights when he tased Casey repeatedly while he was subdued, restrained, and laying on his stomach.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

136.    The Officer Defendants violated Casey Wells' Fourth Amendment rights when, acting in concert with one another, they applied such significant pressure to his neck and chest that his thyroid cartilage was fractured in multiple places and he suffered cardiac arrest subsequent to positional asphyxia.

137.    The Officer Defendants violated Casey Wells' Fourth Amendment rights when they failed to de-escalate or disengage the other officers from their use of unreasonable and excessive force.

138.    The Fourth Amendment violations of all of the Officer Defendants were independent moving forces of Casey Wells' death.

139.    Because the Officer Defendants' actions were done knowingly, intentionally, and maliciously, Plaintiff is entitled to recover compensatory and punitive damages.

## COUNT THREE – 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Right to Familial Society and Companionship
### (Officer Defendants)

140.    The foregoing paragraphs are incorporated as if fully set forth herein.

141.    The reckless, intentional, and deliberate acts and omissions of the Officer Defendants were the direct legal cause of the deprivation of Lei Ann Stickney's and Doug Wright's constitutionally protected rights under the Fourteenth Amendment to the care, companionship, and familial society of their son, Casey Wells.

142.    The acts and omissions of the Officer Defendants were committed knowingly, intentionally, and maliciously, and for the purpose of causing harm.

## COUNT FOUR – 42 U.S.C. § 1983
### *Monell* Claims for Violation of Fourth and Fourteenth Amendment Rights
### (City of Phoenix)

143.    The foregoing paragraphs are incorporated as if fully set forth herein.

144.    The City of Phoenix was deliberately indifferent to the proper training of their employees, including the Officer Defendants, regarding the appropriate use of force.

145.    The City of Phoenix failed to train its officers regarding the proper use of force, including submission techniques that pose a risk of serious injury or death to the

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

subject, the risk of positional asphyxia, and the risk of repeated use of Tasers, particularly when deployed against individuals who are mentally disturbed, restrained, or handcuffed.

146.    The City of Phoenix failed to train its officers regarding proper interactions with individuals who are mentally disturbed, whether because of mental illness or intoxication.

147.    The City of Phoenix had policies, customs, or procedures that were deliberately indifferent to the rights of citizens to be free from excessive and unreasonable force.

148.    The City of Phoenix had policies, customs, or procedures that encouraged police officers to escalate situations and allowed them to utilize submission techniques which posed a significant risk of injury or death, thereby using more force than reasonably necessary.

149.    The City of Phoenix created a culture of impunity that encouraged officers to use deadly force, by purging officer discipline records and delaying or slowing the release of information regarding use of force incidents.

150.    The City of Phoenix was deliberately indifferent to the Fourth and Fourteenth Amendment rights of members of the public, including Casey Wells, Lei Ann Stickney, and Doug Wright.

151.    The City of Phoenix's unconstitutional policies, customs, and procedures caused the deprivations of Casey Wells' rights under the Fourth Amendment to the United States Constitution.

152.    The City of Phoenix's unconstitutional policies, customs, and procedures caused the deprivation of Lei Ann Stickney's and Doug Wright's rights to familial society and companionship under the Fourteenth Amendment to the United States Constitution.

153.    The City of Phoenix is liable for all damages arising from the constitutional violations it caused.

## **RULE 26.2(c)(3)(A)**

Pursuant to Rule 26.2(c)(3)(A), Arizona Rules of Civil Procedure, this case is properly assigned to Tier 3.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For general damages, including but not limited to the loss of love, affection, companionship, and guidance resulting from the death of Casey Wells, pain, grief, sorrow, anguish, stress, shock, and mental suffering already experienced and reasonably probable to be experienced in the future, and economic losses and loss of income, hedonic damages, and Casey Wells' pre-death pain and suffering;

B. For special damages, including but not limited to the expenses of medical treatment, burial, and funeral;

C. For punitive damages against the Officer Defendants;

D. For pre- and post-judgment interest to the extent permitted by law;

D. For attorneys' fees and taxable costs under 42 U.S.C. § 1988 to the extent permitted by law; and

E. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: June 24, 2020

> ROBBINS & CURTIN, p.l.l.c.
>
> By: /s/ Jesse M. Showalter
> Joel B. Robbins
> Jesse M. Showalter
> 301 E. Bethany Home Road
> Suite B-100
> Phoenix, Arizona 85012
> *Attorneys for Plaintiff*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Robbins & Curtin, p.l.l.c.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Kathleen L. Wieneke
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
*Attorneys for Defendants*

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, *et al*.;<br><br>Defendants. | No. CV2020-091655<br><br>**NOTICE**<br><br>(Assigned to the Honorable David Palmer) |

Notice is hereby given that in lieu of responding to Defendant's Motion to Dismiss filed on June 5, 2020, Plaintiff has contemporaneously filed her Second Amended Complaint with this Notice. Accordingly, Defendant's Motion to Dismiss is moot.

///

///

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

RESPECTFULLY SUBMITTED:  June 24, 2020

**ROBBINS & CURTIN, p.l.l.c.**

By:    /s/ Jesse M. Showalter
       Joel B. Robbins
       Jesse M. Showalter
       301 E. Bethany Home Road
       Suite B-100
       Phoenix, Arizona 85012
       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Kathleen L. Wieneke
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
*Attorneys for Defendants*

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

1  Thomas A. Burnett, Esq. (026509)
2  Donal E. Burnett, Esq. (028800)
   **BURNETT LAW OFFICE, PLC**
3  1744 South Val Vista Drive, Suite 208
   Mesa, Arizona 85204
4  Tel: (480) 347-9116
5  tom.burnett@burnettlawaz.com
   don.burnett@burnettlawaz.com
6
7  Joel B. Robbins, Esq. (011065)
   Jesse M. Showalter, Esq. (026628)
8  **ROBBINS & CURTIN, p.l.l.c.**
   301 East Bethany Home Road, Suite B-100
9  Phoenix, Arizona 85012
10 Tel: (602) 285-0100
   joel@robbinsandcurtin.com
11 jesse@robbinsandcurtin.com
12 *Attorneys for Plaintiff*

13 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14 **IN AND FOR THE COUNTY OF MARICOPA**

15 **LEI ANN STICKNEY**, individually and          No. CV2020-091655
16 on behalf of all statutory beneficiaries of
   **CASEY WELLS**, and in her capacity as
17 the personal representative of the Estate of   **MOTION FOR PERMISSION**
   **CASEY WELLS**;                               **TO FILE NON-ELECTRONIC**
18                                                 **EXHIBIT**
19         Plaintiff,
20 v.                                              (Assigned to the
                                                   Honorable David Palmer)
21 **CITY OF PHOENIX**, *et al.*;
22         Defendants.

23         Plaintiff, by and through undersigned counsel, hereby requests the Court's permission

24 to file a non-electronic exhibit in support of her Second Amended Complaint.

25         Specifically, Plaintiff requests permission to file a CD containing Axon body camera

26 footage capturing the incident that gives rise to this matter.

27

28

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

RESPECTFULLY SUBMITTED: June 25, 2020

**ROBBINS & CURTIN, p.l.l.c.**

By: /s/ Jesse M. Showalter
Joel B. Robbins
Jesse M. Showalter
301 E. Bethany Home Road
Suite B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Kathleen L. Wieneke
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
*Attorneys for Defendants*

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, *et al.*;<br><br>Defendants. | No. CV2020-091655<br><br>**NOTICE OF ERRATA RE PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(Assigned to the Honorable David Palmer) |

Plaintiff, by and through undersigned counsel, hereby notifies this Court and the parties that **Exhibit A** to her Second Amended Complaint - Axon body camera footage, was inadvertently omitted. Plaintiff will be filing her Motion for Permission to File Non-Electronic Exhibit contemporaneously with this Notice.

RESPECTFULLY SUBMITTED: June 25, 2020

**ROBBINS & CURTIN, p.l.l.c.**

By:    /s/ Jesse M. Showalter
Joel B. Robbins
Jesse M. Showalter
301 E. Bethany Home Road
Suite B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Kathleen L. Wieneke
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
*Attorneys for Defendants*

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

ORIGINAL

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual;<br><br>Defendants. | No. CV2020-091655<br><br>**SUMMONS**<br><br>(Assigned to the Honorable David Palmer)<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

**James Arnold**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: **JUL 02 2020**

JEFF FINE, CLERK

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

ORIGINAL

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**; | No. CV2020-091655 |
| Plaintiff, | **SUMMONS** |
| v. | (Assigned to the Honorable David Palmer) |
| **CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual; | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

THE STATE OF ARIZONA TO THE DEFENDANT:

**Travis Funston**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: _____ JUL 02 2020

JEFF FINE, CLERK

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

ORIGINAL

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>          Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual;<br><br>          Defendants. | No. CV2020-091655<br><br>**SUMMONS**<br><br>(Assigned to the Honorable David Palmer)<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

**Dustin Haynes**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

## ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: _____ JUL 0 2 2020

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

1   Thomas A. Burnett, Esq. (026509)
2   Donal E. Burnett, Esq. (028800)
    **BURNETT LAW OFFICE, PLC**
3   1744 South Val Vista Drive, Suite 208
    Mesa, Arizona 85204
4   Tel: (480) 347-9116
5   tom.burnett@burnettlawaz.com
    don.burnett@burnettlawaz.com
6
7   Joel B. Robbins, Esq. (011065)
    Jesse M. Showalter, Esq. (026628)
8   **ROBBINS & CURTIN, p.l.l.c.**
    301 East Bethany Home Road, Suite B-100
9   Phoenix, Arizona 85012
10   Tel: (602) 285-0100
    joel@robbinsandcurtin.com
11   jesse@robbinsandcurtin.com
    *Attorneys for Plaintiff*

12

13     **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14       **IN AND FOR THE COUNTY OF MARICOPA**

15   **LEI ANN STICKNEY**, individually and      No. CV2020-091655
16   on behalf of all statutory beneficiaries of
    **CASEY WELLS**, and in her capacity as
17   the personal representative of the Estate of      **SUMMONS**
    **CASEY WELLS**;
18

19       Plaintiff,      (Assigned to the

20   v.

21   **CITY OF PHOENIX**, a municipality;
    **JAMES ARNOLD**, an individual;
22   **ROBERT RODARME**, an individual;
    **KENNETH PALMER**, an individual;
23   **JOSEPH SEAQUIST**, an individual;
    **DUSTIN HAYNES**, an individual; **SEAN**
24   **YAMANE**, an individual; **FRANK**
    **LONG**, an individual; and **TRAVIS**
25   **FUNSTON**, an individual;
26

27       Defendants.

28

If you would like the name of a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association

Honorable David Palmer)

ORIGINAL

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

THE STATE OF ARIZONA TO THE DEFENDANT:

**Frank Long**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: _____ JUL 0 2 2020

JEFF FINE, CLERK

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

ORIGINAL

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>Plaintiff,<br>v.<br><br>**CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual;<br><br>Defendants. | No. CV2020-091655<br><br>**SUMMONS**<br><br>(Assigned to the Honorable David Palmer)<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

**Kenneth Palmer**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

**ADA Notification**

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: _____  JUL 0 2 2020

JEFF FINE, CLERK

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

ORIGINAL

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>　　　　　Plaintiff,<br>v.<br><br>**CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; and **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual;<br><br>　　　　　Defendants. | No. CV2020-091655<br><br>**SUMMONS**<br><br>(Assigned to the Honorable David Palmer)<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

**Robert Rodarme**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: _____ JUL 0 2 2020 _____

JEFF FINE, CLERK

By: _____

Deputy Clerk

A. Plascencia
Deputy Clerk

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

ORIGINAL

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual;<br><br>Defendants. | No. CV2020-091655<br><br>**SUMMONS**<br><br>(Assigned to the Honorable David Palmer)<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

THE STATE OF ARIZONA TO THE DEFENDANT:

**Joseph Seaquist**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: ___JUL 03 2020___

JEFF FINE, CLERK

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com

Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

ORIGINAL

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>    Plaintiff,<br>v.<br><br>**CITY OF PHOENIX**, a municipality; **JAMES ARNOLD**, an individual; **ROBERT RODARME**, an individual; **KENNETH PALMER**, an individual; **JOSEPH SEAQUIST**, an individual; **DUSTIN HAYNES**, an individual; **SEAN YAMANE**, an individual; **FRANK LONG**, an individual; and **TRAVIS FUNSTON**, an individual;<br><br>    Defendants. | No. CV2020-091655<br><br>**SUMMONS**<br><br>(Assigned to the Honorable David Palmer)<br><br>If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434<br>or<br>www.maricopalawyers.org<br>Sponsored by the Maricopa County Bar Association |

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

THE STATE OF ARIZONA TO THE DEFENDANT:

**Sean Yamane**
**c/o Wieneke Law Group, PLC**
**1095 W. Rio Salado Parkway, Suite 209**
**Tempe, Arizona 85281**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. If served out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RULE 4, Arizona Rules of Civil Procedure, A.R.S. sections 20-222, 28-502, 28-503.**

### ADA Notification

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434. If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S. Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

The name and address of Plaintiff's attorney is:

**ROBBINS & CURTIN, p.l.l.c.**
301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85012

SIGNED AND SEALED this date: _____ JUL 0 2 2020 _____

By: _____
Deputy Clerk

A. Plascencia
Deputy Clerk

Thomas A. Burnett, Esq. (026509)
Donal E. Burnett, Esq. (028800)
**BURNETT LAW OFFICE, PLC**
1744 South Val Vista Drive, Suite 208
Mesa, Arizona 85204
Tel: (480) 347-9116
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com


Joel B. Robbins, Esq. (011065)
Jesse M. Showalter, Esq. (026628)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 285-0100
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **LEI ANN STICKNEY**, individually and on behalf of all statutory beneficiaries of **CASEY WELLS**, and in her capacity as the personal representative of the Estate of **CASEY WELLS**;<br><br>        Plaintiff,<br>v.<br><br>**CITY OF PHOENIX**, *et al.*;<br><br>        Defendants. | No. CV2020-091655<br><br>**ACCEPTANCE AND WAIVER OF SERVICE OF PROCESS**<br><br>(Assigned to the Honorable David Palmer) |

STATE OF ARIZONA    )
                       ) ss.
County of Maricopa    )

    I, CHRISTINA RETTS, being first duly sworn, depose and state:

    1.    I am an attorney licensed to practice law in the State of Arizona.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ♦ Fax: (602) 265-0267

2.     I represent Defendants JAMES ARNOLD, ROBERT RODARME, KENNETH PALMER, JOSEPH SEAQUIST, DUSTIN HAYNES, SEAN YAMANE, FRANK LONG, and TRAVIS FUNSTON.

3.     I am authorized and do hereby accept service of the Summonses, Second Amended Complaint, and Certificate Regarding Compulsory Arbitration, and in so doing, waive personal service of process upon my clients.

DATED this 6th day of _____July_____, 2020.

_____
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
*Attorneys for Defendants*

SUBSCRIBED and SWORN to before me this 6th day of _____July_____, 2020.

_____
Notary Public

My Commission Expires:



MICA ELIZABETH MAHLER
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires
December 04, 2021

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0100 ◆ Fax: (602) 265-0267

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2020, I electronically transmitted the attached document to the Clerk's Office using the TurboCourt System for filing and transmittal of a Notice of Electronic Filing to the following TurboCourt registrants:

Kathleen L. Wieneke
Christina Retts
Wieneke Law Group, PLC
1095 W. Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
kwieneke@wienekelawgroup.com
cretts@wienekelawgroup.com
*Attorneys for Defendants*

Thomas A. Burnett
Donal E. Burnett
Burnett Law Office, PLC
1744 S. Val Vista Drive, Suite 208
Mesa, Arizona 85204
tom.burnett@burnettlawaz.com
don.burnett@burnettlawaz.com
*Co-counsel for Plaintiff*

/s/ Julie W. Molera