Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
WIENEKE LAW GROUP, PLC
1095 West Rio Salado Parkway, Suite 209
Tempe, Arizona 85281
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com

*Attorneys for Defendants City of Phoenix, Arnold, Rodarme, Palmer, Seaquist, Haynes, Yamane, Long and Funston*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Lei Ann Stickney, individually and on behalf of all statutory beneficiaries of Casey Wells, and in her capacity as the personal representative of the Estate of Casey Wells;<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, a municipality; James Arnold, an individual; Robert Rodarme, an individual; Kenneth Palmer, an individual; Joseph Seaquist, an individual; Dustin Haynes, an individual; Sean Yamane, an individual; Frank Long, an individual; and Travis Funston, an individual;<br><br>Defendants. | NO. 2:20-cv-1401-SMB-CDB<br><br>**DEFENDANT CITY OF PHOENIX'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant City of Phoenix ("Defendant"), by and through undersigned counsel, denies each and every allegation in Plaintiff's Second Amended Complaint that it has not otherwise admitted or pled to.

## PARTIES

1. In answering the allegations in Paragraph 1 of Plaintiff's Second Amended Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and are therefore unable to admit or deny the same.

2. In answering the allegations in Paragraph 2 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

3. In answering the allegations in Paragraph 3 of Plaintiff's Second Amended Complaint, Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations and are therefore unable to admit or deny the same.

4. The allegations in Paragraph 4 of Plaintiff's Second Amended Complaint relate to a claim that has been dismissed by the Court. As a result, no response is required.

5. In answering the allegations in Paragraph 5 of Plaintiff's Second Amended Complaint, Defendant is without knowledge and information sufficient to form a belief as to whether Plaintiff is the personal representative of the estate and, thus is unable to admit or deny the same.

6. The allegations in Paragraph 6 of Plaintiff's Second Amended Complaint relate to a claim that has been dismissed by the Court. As a result, no response is required.

7. The allegations in Paragraph 7 of Plaintiff's Second Amended Complaint, in part, relate to a claim that has been dismissed by the Court. As a result, no response is required. The remaining allegations call for a legal conclusion for which no response is required.

8. In answering allegations in Paragraph 8 of Plaintiff's Second Amended Complaint, Defendant admits the allegations.

9. In answering the allegations in Paragraph 9 of Plaintiff's Second Amended Complaint, Defendant admits only Joseph Seaquist was a police officer employed by the City of Phoenix during all relevant times in this action. The remaining allegations call for multiple legal conclusions to which no response is required. There are no state law claims remaining in this litigation.

10. In answering the allegations in Paragraph 10 of Plaintiff's Second Amended Complaint, Defendant admits the allegations.

11. In answering the allegations in Paragraph 11 of Plaintiff's Second Amended Complaint, Defendant admits only Travis Funston was a police officer employed by the City of Phoenix during all relevant times in this action. The remaining allegations call for

multiple legal conclusions to which no response is required. There are no state law claims remaining in this litigation.

12. In answering the allegations in Paragraph 12 of Plaintiff's Second Amended Complaint, Defendant admits the allegations.

13. In answering the allegations in Paragraph 13 of Plaintiff's Second Amended Complaint, Defendant admits only James Arnold was a police officer employed by the City of Phoenix during all relevant times in this action. The remaining allegations call for multiple legal conclusions to which no response is required. There are no state law claims remaining in this litigation.

14. In answering the allegations in Paragraph 14 of Plaintiff's Second Amended Complaint, Defendant admits the allegations.

15. In answering the allegations in Paragraph 15 of Plaintiff's Second Amended Complaint, Defendant admits only Robert Rodarme was a police officer employed by the City of Phoenix during all relevant times in this action. The remaining allegations call for multiple legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same. There are no state law claims remaining in this litigation.

16. In answering the allegations in Paragraph 16 of Plaintiff's Second Amended Complaint, Defendant admits the allegations.

17. In answering the allegations in Paragraph 17 of Plaintiff's Second Amended Complaint, Defendant admits only Frank Long was a police officer employed by the City of Phoenix during all relevant times in this action. The remaining allegations call for multiple legal conclusions to which no response is required. There are no state law claims remaining in this litigation.

18. In answering the allegations in Paragraph 18 of Plaintiff's Second Amended Complaint, Defendant admits Kenneth Palmer is an individual and a citizen of Arizona.

19. In answering the allegations in Paragraph 19 of Plaintiff's Second Amended Complaint, Defendant admits only Kenneth Palmer was a police officer employed by the

City of Phoenix during all relevant times in this action. The remaining allegations call for multiple legal conclusions to which no response is required. There are no state law claims remaining in this litigation.

20. In answering the allegations in Paragraph 20 of Plaintiff's Second Amended Complaint, Defendant admits Sean Yamane is an individual and a citizen of Arizona.

21. In answering the allegations in Paragraph 21 of Plaintiff's Second Amended Complaint, Defendant admits only Sean Yamane was a police officer employed by the City of Phoenix during all relevant times in this action. The remaining allegations call for multiple legal conclusions to which no response is required. There are no state law claims remaining in this litigation.

22. In answering the allegations in Paragraph 22 of Plaintiff's Second Amended Complaint, Defendant admits Dustin Haynes is an individual and a citizen of Arizona.

23. In answering the allegations in Paragraph 23 of Plaintiff's Second Amended Complaint, Defendant admits only Dustin Haynes was a police officer employed by the City of Phoenix during all relevant times in this action. There are no state law claims remaining in this litigation.

24. The allegations in Paragraph 24 of Plaintiff's Second Amended Complaint do not call for a response from the Defendant.

## JURISDICTION AND VENUE

25. In answering the allegations in Paragraph 25 of Plaintiff's Second Amended Complaint, the case has since been removed to District Court and, thus, the allegation is no longer relevant. Defendant admits jurisdiction in federal court is proper due to the Fourth Amendment claims.

26. In answering the allegations in Paragraph 26 of Plaintiff's Second Amended Complaint, all state law claims have been dismissed by the Court. As a result, no response is required. Plaintiff did not serve any of the individual officer Defendants with notices of claim.

|   |   |
|---|---|
| 1 | 27. In answering the allegations in Paragraph 27 of Plaintiff's Second Amended Complaint, Defendant admits the Police responded to an incident involving the decedent on February 4, 2019 in Maricopa County. |
| 4 | 28. In answering the allegations in Paragraph 28 of Plaintiff's Second Amended Complaint, Defendant denies the allegations. Defendant contends that venue is proper within the United States District Court for the District of Arizona due to the federal claims. |


1
2       27.     In answering the allegations in Paragraph 27 of Plaintiff's Second Amended
3       Complaint, Defendant admits the Police responded to an incident involving the decedent on
        February 4, 2019 in Maricopa County.
4       28.     In answering the allegations in Paragraph 28 of Plaintiff's Second Amended
5       Complaint, Defendant denies the allegations. Defendant contends that venue is proper
6       within the United States District Court for the District of Arizona due to the federal claims.

## FACTUAL ALLEGATIONS

### The Restraint Induced Death of Casey Wells

29. In answering the allegations in Paragraph 29 of Plaintiff's Second Amended Complaint, Defendant admits only that City of Phoenix police officers responded to 911 calls related to the decedent, which included information that he was naked on a residential street. Defendant affirmatively alleges that there were multiple 911 calls providing additional information that the decedent was yelling and "appears impaired," information which was provided to officers. An additional 911 call was placed from a caller "concerned about children that live in the area that would be coming home from school."

30. In answering the allegations in Paragraph 30 of Plaintiff's Second Amended Complaint, Defendant denies knowledge, at the time, that Casey Wells was Plaintiff's son.

31. In answering the allegations in Paragraph 31 of Plaintiff's Second Amended Complaint, Defendant admits only that the decedent was naked and that there had been reports that he was, at times, appearing to perform yoga. Additional reports were also made about his behavior, such that he "appears impaired" and was yelling.

32. In answering the allegations in Paragraph 32 of Plaintiff's Second Amended Complaint, Defendant admits that the decedent did not have a weapon on his person.

33. In answering the allegations in Paragraph 33 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

34. In answering the allegations in Paragraph 34 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

35. In answering the allegations in Paragraph 35 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as written. This allegation also calls for a legal conclusion regarding what the constitution requires to which no response is required. Defendant affirmatively alleges that responding officers did attempt to calmly address the decedent, who was uncooperative.

36. In answering the allegations in Paragraph 36 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as written. This allegation also calls for a legal conclusion regarding what the constitution requires to which no response is required. Defendant affirmatively alleges that responding officers did attempt to calmly address the decedent, who was uncooperative.

37. In answering the allegations in Paragraph 37 of Plaintiff's Second Amended Complaint, Defendant denies the allegation the allegation as written. This allegation also calls for a legal conclusion regarding what the constitution requires to which no response is required.

38. In answering the allegations in Paragraph 38 of Plaintiff's Second Amended Complaint, Defendant admits only that Defendant James Arnold was the first officer to arrive to the scene and arrived on or around 2:19 in the afternoon.

39. In answering the allegations in Paragraph 39 of Plaintiff's Second Amended Complaint, Defendant admits decedent was naked on a public street and yelling at the sky when Officer Arnold arrived. Defendant denies any and all liability.

40. In answering the allegations in Paragraph 40 of Plaintiff's Second Amended Complaint, Defendant admits Defendant Robert Rodarme was the second officer to arrive to the scene and arrived on or around 2:22 in the afternoon. Defendant denies any and all liability.

41. In answering the allegations in Paragraph 41 of Plaintiff's Second Amended Complaint, Defendant admits Defendant Rodarme requested additional units.

42. In answering the allegations in Paragraph 42 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

43. In answering the allegations in Paragraph 43 of Plaintiff's Second Amended Complaint, Defendant denies the allegation as characterized. Defendant admits the decedent had no gun or knife. Defendant affirmatively alleges that his physical prowess and behavior was a physical threat to the officers and the community.

44. In answering the allegations in Paragraph 44 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

45. In answering the allegations in Paragraph 45 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

46. In answering the allegations in Paragraph 46 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

47. In answering the allegations in Paragraph 47 of Plaintiff's Second Amended Complaint, Defendant admits only that the officers attempted to restrain decedent who resisted arrest.

48. In answering the allegations in Paragraph 48 of Plaintiff's Second Amended Complaint, Defendant denies the allegation as characterized, which describes decedents continued attacks on officers as flailing his arms and legs Defendant admits only that decedent continued his erratic behavior and continued to resist arrest, including punching both Officer Arnold and Sgt. Rodarme in the face.

49. In answering the allegations in Paragraph 49 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

50. In answering the allegations in Paragraph 50 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as characterized.

51. In answering the allegations in Paragraph 51 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

52. In answering the allegations in Paragraph 52 of Plaintiff's Second Amended Complaint, Defendant admits only that Officer Joseph Seaquist responded to the scene. Defendant Seaquist is without information to form a belief as to the truth of the allegations

relating to when in the sequence he arrived as he did not personally observe anything that occurred before his arrival.

53. In answering the allegations in Paragraph 53 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as characterized. Defendant admits only that, for a period of the struggle, the decedent was on his back, but was not compliant or merely laying as described.

54. In answering the allegations in Paragraph 54 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

55. In answering the allegations in Paragraph 55 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

56. In answering the allegations in Paragraph 56 of Plaintiff's Second Amended Complaint, Defendant admits Officers Funston and Long responded to the scene.

57. In answering the allegations in Paragraph 57 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

58. In answering the allegations in Paragraph 58 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as written. Defendant admits only that Officers Funston and Long attempted to restrain the decedent who was still a threat to the officers.

59. In answering the allegations in Paragraph 59 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

60. In answering the allegations in Paragraph 60 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

61. In answering the allegations in Paragraph 61 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

62. In answering the allegations in Paragraph 62 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

63. In answering the allegations in Paragraph 63 of Plaintiff's Second Amended Complaint, Defendant admits only that Officer Haynes, Yamane, and Palmer responded to

the scene at various times. The individual Defendants lack sufficient information to form a belief as to when in the sequence in events they arrived as they did not witness events occurring when they were not present.

64. In answering the allegations in Paragraph 64 of Plaintiff's Second Amended Complaint, Defendant denies the allegation.

65. In answering the allegations in Paragraph 65 of Plaintiff's Second Amended Complaint, Defendant admits only that a RIPP restraint was eventually applied, but denies the remaining allegations.

66. In answering the allegations in Paragraph 66 of Plaintiff's Second Amended Complaint, Defendant admits only that a RIPP restraint was ultimately applied. Defendant denies the remaining allegations.

67. In answering the allegations in Paragraph 67 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

68. In answering the allegations in Paragraph 68 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

69. In answering the allegations in Paragraph 69 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

70. In answering the allegations in Paragraph 70 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

71. In answering the allegations in Paragraph 71 of Plaintiff's Second Amended Complaint, Defendant admits that Officer Palmer was wearing a body camera.

72. In answering the allegations in Paragraph 72 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

73. In answering the allegations in Paragraph 73 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

74. In answering the allegations in Paragraph 74 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

75. In answering the allegations in Paragraph 75 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

76. In answering the allegations in Paragraph 76 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

77. In answering the allegations in Paragraph 77 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

78. In answering the allegations in Paragraph 78 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

79. In answering the allegations in Paragraph 79 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as characterized. Defendant admits that the Taser download records five trigger pulls, but trigger pulls do not equate to effective application.

80. In answering the allegations in Paragraph 80 of Plaintiff's Second Amended Complaint, Defendant admits that one or more officers noted something to the effect that the decedent did not appear to be breathing and did not have a pulse. The same or perhaps a different officer noted that the decedent was purple. It is not possible to discern from the video exactly what was said.

81. In answering the allegations in Paragraph 81 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

82. In answering the allegations in Paragraph 82 of Plaintiff's Second Amended Complaint, Defendant admits only that decedent stopped breathing at the scene and officers promptly provided life saving measures.

83. In answering the allegations in Paragraph 83 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

84. In answering the allegations in Paragraph 84 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore deny the same.

| | |
|---|---|
|1| 85. In answering the allegations in Paragraph 85 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.|

85. In answering the allegations in Paragraph 85 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

86. In answering the allegations in Paragraph 86 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

87. In answering the allegations in Paragraph 87 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

88. In answering the allegations in Paragraph 88 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

89. In answering the allegations in Paragraph 89 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the same.

90. In answering the allegations in Paragraph 90 of Plaintiff's Second Amended Complaint, Defendant denies the allegations as characterized, specifically the use of "caused". Defendant admits only that the Maricopa County Medical Examiner found complications of cardiac dysrhythmia and arrest due to methamphetamine intoxication, acute psychosis, arteriosclerotic cardiovascular disease, and physical restraint with prone positioning and possible extrinsic chest compression.

91. In answering the allegations in Paragraph 91 of Plaintiff's Second Amended Complaint, Defendant admits only that the autopsy documented these findings. Defendant disputes causation related to the force at issue. Defendant denies any and all liability associated with these findings.

**Defendant City of Phoenix's Policies, Customs, and Procedures**

92. In answering the allegations in Paragraph 92 of Plaintiff's Second Amended Complaint, the allegations call for a legal conclusion for which no response is required.

93. In answering the allegations in Paragraph 93 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

94. In answering the allegations in Paragraph 94 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

95. In answering the allegations in Paragraph 95 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

96. In answering the allegations in Paragraph 96 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

97. In answering the allegations in Paragraph 97 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

98. In answering the allegations in Paragraph 98 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

99. In answering the allegations in Paragraph 99 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

100. In answering the allegations in Paragraph 100 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

101. In answering the allegations in Paragraph 101 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

102. In answering the allegations in Paragraph 102 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

103. In answering the allegations in Paragraph 103 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

104. In answering the allegations in Paragraph 104 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

105. In answering the allegations in Paragraph 105 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

106. In answering the allegations in Paragraph 106 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

| | |
|---|---|
| 1 | 107. In answering the allegations in Paragraph 107 of Plaintiff's Second Amended |
| 2 | Complaint, Defendant denies the allegations. |
| 3 | 108. In answering the allegations in Paragraph 108 of Plaintiff's Second Amended |
| 4 | Complaint, Defendant denies the allegations. |

107. In answering the allegations in Paragraph 107 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

108. In answering the allegations in Paragraph 108 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

109. In answering the allegations in Paragraph 109 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

110. In answering the allegations in Paragraph 110 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

111. In answering the allegations in Paragraph 111 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

## COUNT ONE – WRONGFUL DEATH
### (City of Phoenix)

112. The allegations contained in Paragraphs 112 through 131 have been dismissed by the Court in ruling on the Motion to Dismiss. As a result, no response is required.

## COUNT TWO – 42 U.S.C. § 1983
### Violation of the Fourth Amendment Right to be Free from Unlawful Seizures and Excessive Force
### (Officer Defendants)

113. In answering the allegations in Paragraph 132 of Plaintiff's Second Amended Complaint, Defendant reasserts each and every of its previous answers as if fully set forth herein.

114. In answering the allegations in Paragraphs 133 through 139, the allegations are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the same.

## COUNT THREE – 42 U.S.C. § 1983
### Violation of the Fourth Amendment Right to Familial Society and Companionship
### (Officer Defendants)

115. In answering the allegations in Paragraph 140 of Plaintiff's Second Amended Complaint, Defendant reasserts each and every of their previous answers as if fully set forth herein.

116. In answering the allegations in Paragraphs 141 to 142, the allegations are not directed to this answering Defendant and therefore no response is required. To the extent a response is required.

## COUNT FOUR – 42 U.S.C. § 1983
### *Monell* Claims for Violation of Fourth and Fourteenth Amendment Rights
### (City of Phoenix)

117. In answering the allegations in Paragraph 143 of Plaintiff's Second Amended Complaint, Defendant reasserts each and every of their previous answers as if fully set forth herein.

118. In answering the allegations in Paragraph 144 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

119. In answering the allegations in Paragraph 145 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

120. In answering the allegations in Paragraph 146 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

121. In answering the allegations in Paragraph 147 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

122. In answering the allegations in Paragraph 148 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

123. In answering the allegations in Paragraph 149 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

124. In answering the allegations in Paragraph 150 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

125. In answering the allegations in Paragraph 151 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

126. In answering the allegations in Paragraph 152 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

127. In answering the allegations in Paragraph 153 of Plaintiff's Second Amended Complaint, Defendant denies the allegations.

**RULE 26.2(c)(3)(A)**

The allegations related to this section pertain to state court and have no application to this case now that it has been removed and no state law claims remain.

Having fully answered Plaintiff's Second Amended Complaint, Defendant prays that the same be dismissed, that Plaintiff take nothing, for Defendants' costs incurred, and for such other relief as this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial.

**AFFIRMATIVE DEFENSES**

Defendant sets forth following defenses to Plaintiff's Second Amended Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendant would bear the burden of proof or burden of production), other defenses are outlined for the purpose of placing the Plaintiff on notice of the legal defenses that Defendant will assert for the purpose of allowing Plaintiff to fully evaluate her claims as this relates to any future request, by Defendant, for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Plaintiff's Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. As a separate defense or in the alternative, Defendant alleges that its employees were acting under legal process, with good, sufficient, and probable cause to be so acting, and that their actions were in good faith and without malice.

3. As a separate defense or in the alternative, Defendant alleges that its employees' actions were objectively reasonable under the circumstances and conformed with their community caretaking obligations.

4. As a separate defense or in the alternative, Defendant alleges that neither the individual Defendant's actions nor their inactions violated the decedent's rights under federal law.

5. As a separate defense or in the alternative, Defendant alleges that its employees did not act with a purpose to harm and that the Fourteenth Amendment claims fail as a result.

6. As a separate defense or in the alternative, Defendant alleges that the conduct alleged as against all Defendants was not the proximate cause of any injuries, losses, or damages to Plaintiff.

7. As a separate defense or in the alternative, Defendant alleges that Plaintiff failed to mitigate damages, thereby reducing or eliminating any damages owed by Defendant.

8. As a separate defense or in the alternative, Defendant alleges that the decedent injuries, if any, were caused in whole or in part by the decedent's own illegal conduct, including but not limited to illicit drug use, resisting arrest, and aggravated assault (including punching two officers and spitting blood).

9. The Defendant's employees are entitled to all privileges and immunities afforded to governmental employees, including qualified immunity as set forth in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

10. There was no notice to Defendant of any alleged constitutional infirmities in its policies, customs, or training.

11. The decedent assumed the risk of injury, acted in direct and intentional violation of criminal laws and while under the influence of methamphetamine, and acted intentionally and knowingly, jeopardizing his risk of safety and well-being.

12. The doctrine of reasonable mistake of fact may apply.

13. None of the force caused the decedent's death, which was, instead, caused by methamphetamine intoxication.

14. Defendant alleges that the decedent's flight/resistance/non-compliance/force was not justified and any injuries sustained were the result of decedent's unlawful and/or unjustified actions.

15. The Plaintiff cannot prove economic damages or economic loss.

16. The City of Phoenix is not subject to liability under 42 U.S.C. § 1983 as Plaintiffs cannot prove any violations pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

17. The Defendant alleges that none of its training and/or discipline/alleged failure to discipline, and/or alleged purging, was constitutionally deficient.

18. Defendant denies that there were any constitutional violations of the individual Defendants and, as a result, Plaintiffs cannot recover under *Monell* because of an absence of constitutional violation.

19. To the extent that Plaintiff asserts punitive damages against the City, such damages are barred by *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

20. Defendant puts Plaintiff on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil Procedure, or as otherwise allowed by law.

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Defendant denies that Plaintiff is entitled to any relief, including but not limited to the recovery of compensatory damages, punitive damages, or any other type of damages, deny that Plaintiff is entitled to recover any legal fees or costs, and requests that judgment be entered in favor of Defendant and against Plaintiff, that the Defendant be awarded all relief it is entitled under the law, including but not limited to attorneys' fees and costs under 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

DATED this 6th day of April, 2021.

                        WIENEKE LAW GROUP, PLC

                By:   */s/ Christina Retts*
                        Kathleen L. Wieneke
                        Christina Retts
                        1095 West Rio Salado Parkway, Suite 209
                        Tempe, AZ 85281
                        *Attorneys for Defendants City of Phoenix, Arnold, Rodarme, Palmer, Seaquist, Haynes, Yamane, Long and Funston*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Thomas A. Burnett
>Donal E. Burnett
>Burnett Law Office, PLC
>1744 South Val Vista Drive, Suite 208
>Mesa, AZ 85204
>
>Joel B. Robbins
>Jesse M. Showalter,
>ROBBINS & CURTIN, p.l.l.c.
>301 East Bethany Home Road, Suite B-100
>Phoenix, Arizona 85012
>
>Attorneys for Plaintiff

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is a registered participant of the CM/ECF System:

>N/A

By: */s/ Mica Mahler*